. TATE, Guardian, *versus* GILBERT.

The Supreme Court has no power to control the discretion of inferior Courts, in regulating pleadings, allowing amendments and filing additional pleas; but, this must be understood to be confined to such pleas as are consistent with each other, and with the regular order of pleading.

That an inferior Court allowed a defendant to withdraw the plea of general issue, and to substitute other pleas in bar of the action; is not error.

A plea, *puis darrein continuance*, is a waiver of all former pleas; and where three pleas were filed, the latter of which was one, *puis darrein continuance*, held, that the plaintiff was not bound to answer either, and that he properly demurred to the whole.

Tate, guardian of S. McGuire, commenced an action of assumpsit in the County Court of Shelby, against Gilbert, to recover an amount of money charged to be in his hands, as former guardian of the plaintiff's ward. At the final trial, the Court permitted the defendant to withdraw the plea of general issue, which he had previously relied on, and to file three other pleas in bar, the last of which was a plea *puis darrein continuance.* It set out, substantially, that the matter of the said suit, had been, before that time, included in a settlement which the said defendant had made with the Orphans' Court of Shelby, in a settlement of his accounts as former guardian of said S. McGuire, whereby the said Court had decreed against the defendant for a certain sum, which was alleged to be the identical amount, sued on in the said action by the plaintiff, Tate.

To these pleas there was a general demurrer, which being overruled, and the plaintiff refusing to reply, judgment was rendered for the defendant.

To reverse this judgment, a writ of error was taken by the plaintiff, to this Court.

By Mr. Justice HITCHCOCK :

This case is submitted without argument.

The action is assumpsit, brought by the plaintiff as guardian of Sally McGuire, to recover a sum of money alleged to be in the hands of the defendant, as former guardian of the same individual. The defendant pleaded the general issue. A trial, verdict and judgment were had for the plaintiff. A bill of exceptions was taken, and the cause was brought to this Court, where it was reversed and remanded, after which a second trial was had, and a verdict was rendered for the plaintiff, when a new trial was granted, and the cause was continued to August term, 1834, when the Court permitted the defendant to withdraw the plea of the general issue, and plead three pleas in bar.

1. That the plaintiff was not the guardian of Sally McGuire at the time of the commencement of his suit.

2. That the defendant was the guardian of Sally McGuire at the time of the commencement of said suit; and

3. That the Orphans' Court for Shelby county, did on the 6th day of February, 1832, settle the accounts of the defendant as guardian of Sally McGuire, and render a decree against him for two hundred and twenty one dollars sixty two and a half cents, which was for the same identical cause of action as this suit, and which decree is in full force, &c.

To these pleas, the plaintiff filed a general demurrer, which was overruled, and the plaintiff declining to reply, judgment final was rendered for the defendant, and the case has been brought here by writ of error.

It has been repeatedly decided by this Court, that

it has no power to control the discretion of the Court below, in regulating the pleadings, allowing amendments, and filing additional pleas. But this must be understood to be confined to such pleas as are consistent with each other, and with the due and regular order of pleading.

There was no error in allowing the defendant to withdraw the plea of the general issue, and file other pleas in bar of the action.

But the last of the three pleas above pleaded, is a plea of *puis darrein continuance,* which is a waiver of all former pleas. The plaintiff was not bound to reply to this and the other two, and therefore he properly demurred to the whole.

Whether the last plea is good in law as a bar to the plaintiff's action, is a question upon which we give no opinion. The case is decided solely on the ground, that the plaintiff was not bound to reply to the third plea; and as he was not bound to make a selection, he was not bound to answer either.

Let the judgment be reversed, and the cause remanded.