JOSEPH MABRY v. WILLIAM D. LITTLE AND ANOTHER.

Quere, whether the holder of a promissory note can, for the mere purpose of bringing the demand within the jurisdiction of a Justice of the Peace, relinquish the excess of the note beyond one hundred dollars, and recover before the Justice, if objection be taken at the proper time.

If the defendant in such case appears, and fails to object to the jurisdiction, and refers the dispute to arbitrators upon the merits, he cannot sustain a suit against the Justice (there was a distress warrant,) for damages, on the ground that he had no jurisdiction.

Where a distress warrant was issued without bond or affidavit, and the property of defendant seized, it was held that the defendant by referring the dispute to arbitrators, waived any claim against the plaintiff and the Justice, for the improper issuance of the distress warrant.

Appeal from Rusk. Tried below before the Hon. William W. Morris.

Suit by appellant against William D. Little, late a Justice of the Peace, and Lemuel Mullins, for trespass, &c. The facts were as follows: Mullins obtained from Little on the 10th of October, 1853, a distress warrant against Mabry, on a note signed by the latter, due October 1st, payable to Mullins, for $108, purporting to be for rent for the place on which Mabry then lived. At the time of bringing the suit, Mullins wrote

on the back of the note a relinquishment of all but one hundred dollars of the note. Two ‡bales of cotton and a horse the property of Mabry, were seized. No affidavit was made nor bond given, before the issuance of the warrant ; but they were afterwards made and given before the trial. They were dated October 10th, 1853 ; referred to the warrant as having been issued ; and the jurat of the one and the approval of the other were not dated. At the time for trial, the parties appeared, and submitted the matter to arbitrators. The arbitrators found that so soon as the George Anderson pre-emption file was cleared off the land, so that said Mabry could file his own pre-emption, then said Mabry would be due said Mullins one hundred dollars, and not before. This was October 29th, 1853 ; and on the award judgment was entered, and execution issued, and the two bales of cotton sold.

It was proved by George Anderson that he was present at the trial before the arbitrators, and there relinquished the pre-emption, and that Mabry accepted an order to the County Surveyor for the relinquishment, and expressed himself satisfied. It was also proved that the said file was actually relinquished.

The Court charged the jury without request, to the effect that if the defendants fraudulently colluded together, &c., the plaintiff was entitled to recover ; and they might allow exemplary damages ; but if defendant Little was not actuated by any wrongful intent, he was not liable, no matter how flagrant the errors he may have committed ; and that if they found no wrong in Mullins, they should also find for him.

The plaintiff asked instructions, which were refused, to the effect that if the distress warrant was issued without affidavit or bond, the plaintiff was entitled to recover.

Verdict and judgment for defendants. Motion for new trial overruled, &c.

*M. Casey*, for appellant, cited Walker, Miss. R. 298 ; 3 Wend. R. 202 ; 19 Johns. R. 39 ; 1 East. 91.

Mabry v. Little.

WHEELER, J.  Whether a plaintiff can entitle himself to an action in a Court of limited jurisdiction, by entering a credit or release, when done merely to bring the case within the jurisdiction, has been differently decided by different Courts. (Simpson v. McMillon, 1 Nott & Mc. 192, & n. a ; 2 Id. 487; Strob v. Uhrich, 1 Watts & Serg. 57 ; Grayson v. Williams, Walker, 208; Bird v. Nicholls, 2 Porter, 386 ; 5 Stew. & Port. 198.) It is at least questionable whether it can be done. But where learned Judges disagree, it would be an extremely harsh doctrine to hold that an unlearned Justice of the Peace must decide rightly at his peril ; and if he should take jurisdiction, and, upon argument of learned counsel, and research and deliberation, this Court should finally conclude he was in error, he must be deemed a trespasser. If such a determination would have the sanction of law, it requires no learning to perceive that it would be revolting to common sense and justice. It need not be decided in the present case ; for we are of opinion that, if it be admitted that the Justice acted without jurisdiction and tortiously, the plaintiff, by submitting to the jurisdiction, and agreeing to submit the case to the award of arbitrators, waived the trespass and wrongful acts of the defendants.  Consent cannot give jurisdiction ; but it can waive a trespass or other tort; and we are of opinion that the voluntary submission to arbitration, amounted to such a waiver in the present case.  If the judgment rendered by the Justice, upon the award of the arbitrators, was not such as should have been rendered upon the award and the evidence before the Justice, the plaintiff had his remedy ; but not by an action for damages. (See Haldeman v. Chambers, *supra*.) If he had a right of action, it was because the Justice had not jurisdiction of the case, and because he improperly issued the writ. But these grounds of action he waived.  The charge of the Court was not unfavorable to the plaintiff.  The instructions asked were rightly refused for the reason that they sought to hold the defendant responsible to the plaintiff for a trespass

which the latter, by his acts, had waived, and for the further reason that they were so framed as improperly to lead, or direct the mind of the jury, to the result desired by the party. There is no error in the judgment and it is affirmed.

Judgment affirmed.