Roy E. **TEDFORD**, Appellant,

v.

**J. E. McWHORTER**, Appellee.

No. 3799.

Court of Civil Appeals of Texas.

Eastland.

Dec. 6, 1963.

Rehearing Denied Jan. 10, 1964.

Henry Stollenwerck, Dallas, for appellant.

Bruce Allen, County Atty., Waxahachie, for appellee.

COLLINGS, Justice.

Roy E. Tedford brought suit against J. E. McWhorter for false arrest. Plaintiff alleged that McWhorter was Justice of the Peace, Precinct 1, Place 1, Ellis County and unlawfully issued two warrants under which plaintiff was arrested and imprisoned in the county jail of Dallas County, for a period of approximately five hours and, while so imprisoned, suffered a minor heart

attack. The defendant answered and set up the defense of judicial exemption. Defendant also filed a motion for summary judgment which plaintiff controverted. The court granted the motion for summary judgment and Tedford has appealed.

It is undisputed that appellant, Roy E. Tedford, was arrested by a Texas highway patrolman in Ellis County on December 19, 1961, and given a ticket which specified a charge of speeding; that appellant signed the ticket, stating he would appear before J. E. McWhorter, Justice of the Peace of Precinct 1, Place 1, in Ellis County on or before December 30, 1961. After his arrest by the highway patrolman, and his signature on the ticket promising to appear, appellant was released. Thereafter a case was entered on the docket of said Justice Court naming the appellant as the defendant on a charge of speeding. On December 26, 1961, appellee J. E. McWhorter wrote a letter to appellant reminding him of his obligation to appear within ten days after receipt of the ticket.

There is a dispute as to whether appellant did so appear on December 28, and it is further disputed as to whether a complaint had at that time been filed against appellant. On January 3, 1962, appellee, Justice of the Peace, wrote another letter to Tedford and when no word was received in response to this second letter warrants for appellant's arrest were issued by appellee and pursuant thereto appellant was on February 15, 1962, arrested and placed in the Dallas County jail where he was confined for a period of five hours and suffered a minor heart attack. On February 16, 1962, appellant Tedford went to the court room of said Justice of the Peace in pursuance to instanter bonds made after his arrest and asked permission to inspect any complaints against him. He was shown no complaint and there is a conflict in the evidence as to whether a complaint of any kind existed or had been filed against him at that time. Subsequently, on March 15, 1962, appellant was tried and convicted in said Justice Court on the charge of speeding. Appellant urges one point in which it is contended that the court erred in finding that no genuine issue as to any material fact existed.

■ In order for a detention to constitute false imprisonment the restraint must be unlawfully imposed. 22 American Jurisprudence 399. Appellant urges that the only lawful authority of a Justice of Peace to issue a warrant of arrest is set out in Article 884, et seq. Vernon's Tex.C.C.P., and that in the absence of a complaint duly filed in the Justice Court there is no jurisdiction of the case, and that the issuance of a warrant of arrest is unlawful. The parties agree that for a Justice of Peace to have authority to issue a warrant of arrest the court must have jurisdiction (1) over the subject matter, and (2) over the person of the defendant. The parties also agree that in the instant case the Justice Court had jurisdiction over the subject matter. The issue in controversy is whether the Justice Court had such jurisdiction, actually or colorably, over the person of Tedford at the time of the issuance of the warrants for his arrest that appellee McWhorter, as a judicial officer, was protected from liability. We are of the opinion that the record conclusively shows the existence of facts at the time of the issuance of the warrants of arrest which constituted colorable jurisdiction over the person of appellant sufficient to protect Justice of the Peace McWhorter from liability, if he acted in good faith.

■ The general rule is that a judicial officer is not liable for a false arrest arising out of his official action amounting to an excessive or erroneous exercise of jurisdiction where there is no clear abuse of all jurisdiction. In 35 C.J.S. False Imprisonment § 44a, p. 706, it is stated: "In cases over which the judicial officer has general jurisdiction, complaints, affidavits, *or other preliminary proceedings* (Emphasis Ours) have been held sufficient to protect him in acting thereunder where on a reasonable construction thereof the charge of an offense justifying arrest can be gathered, or where there is presented even in a slight de-

gree a question on which the judicial mind is called to act in determining whether a crime has been committed by the person charged.

"The protection extends to an erroneous procedure, and errors of judgment resulting in improper detention after arrest, and to a second arrest on proof of the insufficiency of bail offered after the first arrest."

The case of Broom v. Douglass, 175 Ala. 268, 57 So. 860, 44 L.R.A.,N.S., 164, was a suit against a Justice of the Peace for false imprisonment. The Justice of Peace had issued a warrant for the arrest of an accused on an affidavit which was wholly insufficient to charge any criminal offense. The affidavit, however, was clearly an attempt to charge a threatened criminal trespass on the affiant's land, and stated facts as elements of such purported offense. It was held by the Supreme Court of Alabama that a colorable case was presented which fairly invoked the justice's judgment as to the sufficiency of the complaint; that under such circumstances the issuance of the warrant of arrest was based upon a judicial act involving the inquiry of the Justice of Peace and his affirmative conclusion, as to his power and authority to do so, for which it was held he was not liable if he acted in good faith. At page 865 of the opinion of 57 So. there is set out the following quotation from Craig v. Burnett, 32 Ala. 728.

"If it appeared that the fact, upon which the jurisdiction of the council over the matter of the imprisonment depended was judicially considered and adjudged by the council, then the defendants would not be liable for their mere error of judgment. Every judicial tribunal, invested with authority to be exercised in a certain contingency, has authority to inquire and ascertain whether the contingency has occurred. Where jurisdiction depends upon the existence of a preliminary fact, there is authority to decide whether that fact exists. A court is entitled to as full protection against an error of

judgment in reference to the existence of the jurisdictional fact as in reference to the merits of the suit."

It is noted that in each of the above cited cases there was a lack of general jurisdiction over the subject matter. It was held that preliminary facts existed in each of the cases which protected the Justice of Peace in one instance and the City Council in the other in the erroneous determination that jurisdiction did exist over the subject matter. The reasoning in each of the cases was that a court is entitled to protection against an error of judgment in reference to the existence of such jurisdiction if there is colorable jurisdiction and the determination that there was actual jurisdiction is made in good faith. In Broom v. Douglass, supra, where as stated the erroneous determination involved general jurisdiction over the subject matter, it was indicated that in such a case "colorable cause" or "colorable invocation of jurisdiction", meant that a complaint or affidavit against the accused had been made in writing under oath, stating some fact or facts which purported to constitute a criminal offense, thereby calling upon the Judge to pass upon the sufficiency of the affidavit or complaint to illicit the process issued.

In the instant case a slightly different problem is presented. Here it is undisputed that the Justice Court had general jurisdiction over the subject matter. The controversy involves jurisdiction of the person. There can be no question but that the court did not have actual jurisdiction over the person of the accused at the time of the issuance of the warrants sufficient to support a conviction unless complaint had been filed. That fact admittedly is in dispute, and the summary judgment was, therefore, not justified unless "other preliminary proceedings" constituted "colorable cause" sufficient to protect the Justice of the Peace in acting thereunder and issuing the warrant of arrest. Obviously, "colorable invocation of jurisdiction" in a case involving jurisdiction over the person could not be the same as in cases involving jurisdic-

tion over the subject matter. If complaints were filed with appellee Justice of the Peace before the issuance of the warrants of arrest charging appellant with the offense of speeding, and of failing to appear, charges over which the court had general jurisdiction, then admittedly there was both general jurisdiction over the subject matter and actual jurisdiction over the person accused, and the question of "colorable invocation of jurisdiction" is not involved. This, however, is not the case before us. We must assume for the purpose of this appeal that no complaint was filed before the issuance of the warrants of arrest, and that appellee was therefore at least guilty of an error in judgment in issuing such warrants. But we see no reason why a Justice of the Peace is not protected against an error in judgment, made in good faith, in reference to the existence of jurisdiction over the person where there have been preliminary proceedings which "colorably" invoked his jurisdiction.

Under the provisions of Article 6701d, Sections 148, 149, Vernon's Ann.Tex.Civ. St., and Article 792 of the Texas Penal Code, it is the duty of a peace officer who apprehends and arrests a person for the offense of speeding to give him a duplicate ticket or summons to appear in court to answer the charge, and to thereupon release the person arrested, if he gives his written promise to appear. The violation of such a promise to appear in court is made a misdemeanor offense regardless of the disposition of the charge upon which the arrest was made.

Article 343, Texas Penal Code, provides as follows:

"The word 'accusation' as used in this Code means a charge made in a lawful manner against any person that he has been guilty of some offense which subjects him to prosecution in the name of the State. One is said to be 'accused' of an offense from the time that any 'criminal action' shall have been commenced against him.

"A legal arrest with or without warrant; a complaint to a magistrate, or an indictment are examples of accusation."

Article 24, Texas Penal Code, provides as follows:

"A 'criminal action' means the whole or any part of the procedure which the law provides for bringing offenders to justice; and the terms 'prosecution' and 'accusation' are used in the same sense."

Unquestionably a criminal action or proceeding was commenced against appellant when he was apprehended by the highway patrolman and signed the ticket agreeing to appear in the Justice Court on a charge of speeding. This original apprehension of appellant by the patrolman was a lawful arrest even though there was no warrant. In our opinion this arrest of appellant, the ticket or summons given to him by the highway patrolman to appear before the Justice Court on a charge of speeding and his written promise to appear constitute "other preliminary proceedings" and show "colorable cause" or "invocation of jurisdiction" which protect appellee in his determination to issue the warrants of arrest, if his determination was made in good faith.

We now come to a consideration of the question of appellee's good faith. Appellee, in his motion for summary judgment, stated under oath that in executing such warrants of arrest he acted in good faith in his official capacity as Justice of the Peace. We agree with the trial court that a judicial question was presented to appellee concerning his authority to issue the warrants of arrest. Even so, he was not entitled to judicial immunity for his erroneous decision unless he was acting in good faith. Appellee stated under oath that he was so acting. Since, however, he is an interested witness his sworn statement that he was acting in good faith, though undisputed, is not conclusive. There was an issue of fact, not only on the question of whether a complaint had been filed at the time appellee issued the warrants of arrest,

but also, on the question of whether appellee acted in good faith in issuing the warrants if it should be found that no complaints were then filed.

For the reasons stated, the judgment is reversed and the cause is remanded.

## ON MOTION FOR REHEARING.

Appellee urges in his motion for rehearing that we erred in holding that appellee's liability is contingent upon the question of whether he was acting in good faith in issuing the warrants of arrest, and that appellee had the burden of showing his good faith; erred in holding that a jury question exists in this cause and erred in holding that there was an issue of fact as to appellee's good faith; that we erred in not holding that appellee, a judicial officer, acted in good faith in issuing the warrants of arrest, and that we erred in reversing and remanding and in not affirming the judgment.

Upon reconsideration we have decided that we did err in reversing the judgment and in remanding the cause, and have concluded that the judgment should be affirmed. There were "other preliminary proceedings" which showed "colorable cause" or "invocation of jurisdiction" over the person of appellant, and a judicial question was presented concerning appellee's authority to issue the warrants of arrest. Since there was colorable jurisdiction over the person of the appellant and a judicial determination was involved appellee cannot be held liable even though he improperly determined the question of his jurisdiction and this is true even if it could be determined that he did not act in good faith. We are now of the opinion that we erred in holding that the burden was on appellant to show his good faith. In Rains v. Simpson, 50 Tex. 495, 499 it was stated:

"From the very necessity of the case, this immunity from private liability extends not only to negligent, but willful and malicious judicial acts. * * *

* * * * * *

That able jurist, Judge Cooley, in a valuable contribution on this subject in 3 Southern Law Review, (N.S.,) 547, says: 'But our own view is, that the doctrine that a public officer, acting within the limits of his jurisdiction in the discharge of a discretionary duty, can be held liable upon an assumption that he has acted willfully or maliciously, is an exceedingly unsatisfactory and dangerous one; and that those decisions are safest and most consonant to public policy which deny it altogether. Motives are not always readily justified to the public, even in cases where they have been purest; and the safe rule for the public is that which protects its officers in acting fearlessly, so long as they keep within the limits of their legal discretion.' "

In Turner v. Pruitt, 161 Tex. 532, 342 S.W.2d 422, Judge Calvert, speaking for our Supreme Court, stated as follows:

"The same reasons underlying immunity of district judges from tort liability for acts performed or not performed in judicial proceedings require a conclusion that justices of the peace should enjoy like immunity when acting in the course of judicial proceedings of which they have jurisdiction."

In affirming the trial court in the cited case the Supreme Court approved the dissenting opinion of Associate Justice Wilson in the Court of Civil Appeals. (See Pruitt v. Turner, Tex.Civ.App., 336 S.W.2d 440). Justice Wilson stated in his dissent as follows:

"In Mabry v. Little, 19 Tex. 337, Justice Wheeler held that even if the unlearned justice of the peace had no jurisdiction, if the plaintiff submitted to his jurisdiction he waived the trespass and an action for damages would not lie. In Anderson v. Roberts, Tex. Civ.App., 35 S.W. 416, 417, the rule is stated that even if the justice improperly determines he has jurisdiction, he cannot be held liable for his acts for

'When the state confers judicial powers upon an individual it confers him with full immunity from private suits.' The general rule is similarly stated in 51 C.J.S. Justices of the Peace § 19, p. 36, and 173 A.L.R. 802. The jurisdictional test has been reiterated by such venerable authorities as Coke, Bacon, Blackstone, Kent and the ancient Dalton's 'Countrey Justice.'"

■ The ticket or summons given to appellant by the highway patrolman to appear before the Justice Court on a speeding charge and his written promise to appear constituted "other preliminary proceedings" and were a colorable invocation of jurisdiction over the person of appellant. This colorable jurisdiction protected appellee in his decision to issue the warrants for appellant's arrest and he is immune from personal liability in a civil action even though his acts may have been in excess of his jurisdiction.

The judgment is affirmed.