Debbie Lee ADAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–83–01031–CR.

Court of Appeals of Texas, Dallas.

Dec. 4, 1984.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Donald G. Davis, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, SPARLING and WHITHAM, JJ.

WHITHAM, Justice.

Appellant, Debbie Lee Adams, appeals a conviction for possession of cocaine. The physical evidence—cocaine—used to convict appellant came from a search of the house in which she lived and from a search of the automobile she was driving at the time of her arrest and in which she had attempted to evade arrest. *See Adams v. State*, 669 S.W.2d 391 (Tex.App.—Dallas 1984, no pet.) The search of the house was under warrant issued by a magistrate. The issue is whether the exclusionary rule bars admission of the evidence obtained in the search of the house. We conclude that under *United States v. Leon*, —— U.S. ——, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) the exclusionary rule does not bar admission of the evidence. Accordingly, we affirm.

In her first ground of error, appellant contends that the trial court erred by denying her motion to suppress evidence with respect to the search of the house. In her second ground of error, appellant contends that the trial court erred by not suppressing the fruits of the search of the house under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). These two grounds of error are interrelated and we discuss them together. We do not read appellant's brief to assert an unreasonable search under TEX.CONST. art. I, § 9, nor to rely upon the Texas statutory exclusionary rule, TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979). One may search appellant's brief in vain for any reference to TEX.CONST. art. I, § 9 or article 38.23.. Rather, appellant asserts a deprivation of fourth amendment rights and seeks to invoke the fourth amendment exclusionary rule. This exclusionary rule is "a judicially created remedy designed to safeguard Fourth Amendment rights generally

through its deterrent effect, rather than a personal constitutional right of the person aggrieved." *Leon*, 104 S.Ct. at 3412. Therefore, we do not reach the question whether the Texas statutory exclusionary rule bars admission of the evidence obtained in the search of the house. Accordingly, our disposition of the present case is based solely on the fourth amendment and the "judicially created remedy designed to safeguard Fourth Amendment rights."

The record shows that on March 4, 1982, Larry Adelstein, a University Park police officer, arrested Kevin Long for possession of narcotics. Long told officer Adelstein that he had purchased the drugs from an individual named Jackie Norwood Kennedy earlier in the day and that Kennedy had more drugs at his home which Kennedy would be willing to sell. Long specified that Kennedy had over four ounces of cocaine in his residence at 6484 Lontos Drive. Officer Adelstein relayed this information to John Gaulding, investigator with the intelligence division of the Dallas Police Department. Officer Adelstein also told Gaulding that Long had disclosed other information which Adelstein had been able to substantiate. Long agreed to set up a meeting with Kennedy for a drug transaction and subsequently made arrangements with Kennedy to meet at the Abby Inn where Kennedy would sell Long two ounces of cocaine.

Surveillance was established outside the residence of Kennedy and appellant at 6484 Lontos Drive by Gaulding and his partner. During the surveillance operation, Gaulding was in radio contact with Adelstein through the police operator. Adelstein relayed Gaulding's questions to Long and Long's answers to Gaulding through the police operator. In one of these exchanges, Gaulding was informed that Kennedy could not leave the house to meet at the pre-arranged location to make the drug sale until everyone left Kennedy's house. Prior to the time Gaulding and his partner observed Kennedy and appellant leave the residence in an Oldsmobile driven by appel-

lant, the investigators observed numerous persons coming and going from the residence.

After Kennedy and appellant left their residence, the investigators followed them to a convenience store located near the Abby Inn. Kennedy was observed getting out of the Oldsmobile and walking to the telephones. It was Gaulding's impression that Kennedy was looking for surveillance or watching to see if he and appellant had been followed. Kennedy returned to the automobile, and appellant drove to the Abby Inn. Although the uniformed officers watching the Abby Inn had been instructed not to stop the Oldsmobile until Gaulding gave the word, the officers started moving in too soon. Apparently, Kennedy and appellant saw the officers and left the scene immediately. When the officers turned on their red lights, appellant increased her speed, rammed a stop sign and ran a stop sign or light. As the officers gave chase, Kennedy was observed dumping a white powder out of the window. Kennedy and appellant were eventually stopped and arrested. A white powder, later determined to be cocaine, was observed on the arm rest on the door on the passenger side of the Oldsmobile. There was cocaine residue and "chunks" of cocaine in the window area, on the floorboard, beside the door and on the front seat of the Oldsmobile.

Once Kennedy and appellant were apprehended, Gaulding obtained a search warrant to search their residence. Pursuant to this search warrant the police seized cocaine and other drugs. The search warrant was issued upon Gaulding's affidavit that:

> The undersigned Affiant, being a Peace Officer under the laws of Texas and being duly sworn, on oath makes the following statements and accusations:
>
> 1. There is in Dallas County, Texas, a suspected place and premises described and located as follows: A single family Duplex, being described as a one story structure, pink brick, the left or east unit, located at 6484 Lontos Drive, (including all vehicles and structures at this location), in the City of Dallas, Dallas County, Texas.
>
> 2. There is at said suspected place and premises personal property concealed and kept in violation of the laws of Texas and described as follows: A Controlled Substance, TO WIT: COCAINE
>
> 3. Said suspected place and premises are in charge of and controlled by each of the following persons: Jackie Norwood Kennedy, a white male, date of birth 01 25 48, 6 feet tall and 175 pounds and Debbie Evans Adams, a white female, with the date of birth of 02 03 59, and person or persons whose names, ages, and descriptions are unknown to the affiant.
>
> 4. It is the belief of Affiant, and he hereby charges and accuses, that: the above described Kennedy and Adams and person or persons whose names, ages, and descriptions are unknown to the affiant on the forth [sic] day of March, 1982 in the City of Dallas, Dallas County, Texas does [sic] possess a controlled substance, TO WIT: COCAINE.
>
> 5. Affiant has probable cause for said belief by reason of the following facts: Affiant, Investigator John A. Gaulding is employed by the Dallas Police Department and is assigned to the Vice Control Division, Drug Abuse Section.
>
> Affiant was contacted on March 4, 1982 at 4:15 PM by Officer Larry Adelstein of the University Park Police Department. Officer Adelstein stated that they had arrested a Kevin D. Long for Delivery of Cocaine. That this arrested person stated that he had bought this Cocaine from the above described Jackie Kennedy, this same day at the above described address, located at 6484 Lontos Drive, in the City of Dallas, Dallas County, Texas. That while at this location he did see the above described Jackie Kennedy with over four ounces of COCAINE.
>
> Affiant informed officer Adelstein that he wanted his arrested person to contact Kennedy and set up a two ounce Deliv-

ery of COCAINE at 10:20 PM at the Abbey Inn, located at 702 Medallion Center. Affiant with the help of uniformed officers tried to the [sic] stop these two above described persons when they drove to the Inn. The above described female was driving and at the time the uniformed officer turned on their red lights, she started to evade arrest and run from the officers. The above described white male then threw the two ounces of Cocaine out the window scattering the cocaine all over the street. After about a [sic] five minutes they stopped and were arrested and removed from the vehicle. Cocaine residue was removed from the seat and floor board of this vehicle. Affiant contacted officer Adelstein who stated that the two remaining ounces of cocaine is still in the above described duplex, located at 6484 Lontos Drive, in the City of Dallas, Dallas County, Texas. Wherefore, affiant asks for issuance of a warrant that will authorize him to search said suspected place and premises for said personal property and seize the same and to arrest each said described and accused person.

Appellant argues that the affidavit is insufficient to establish probable cause for a search under the "totality of the circumstances" test of *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). For the purposes of this opinion we assume, but do not decide, that the affidavit is insufficient to establish probable cause for a search under the "totality of the circumstances" test of *Gates,* and that, therefore, the search warrant was invalid. Thus, we reach the question whether the exclusionary rule bars admission of the evidence obtained in the search. We must decide that question in light of the Supreme Court's conclusion in *Leon* "that suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those un-

usual cases in which exclusion will further the purposes of the exclusionary rule." 104 S.Ct. at 3419. Appellant does not challenge that the officers properly executed the warrant and searched only those places and for those objects that it was reasonable to believe were covered by the warrant. *Cf. Massachusetts v. Sheppard,* ―― U.S. ――, 104 S.Ct. 3424, 3429, n. 6, 82 L.Ed.2d 737 (1984).

█ *Leon* teaches that "a search warrant provides the detached scrutiny of a neutral magistrate, which is a more reliable safeguard against improper searches than the hurried judgment of a law enforcement officer engaged in the often competitive enterprise of ferreting out crime," 104 S.Ct. at 3416, that a magistrate's determination is entitled to "great deference," 104 S.Ct. at 3417, and that "[p]enalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." 104 S.Ct. at 3420. Deference to the magistrate, however, is not boundless. Indeed, that deference imposes obligations and responsibilities upon the magistrate. The magistrate must be alert to knowing or reckless falsity of affidavits. The magistrate must be neutral and detached and not serve merely as a rubber stamp for the police. The magistrate must act on an affidavit that provides the magistrate with a substantial basis for determining the existence of probable cause. The magistrate cannot merely ratify the bare conclusions of others. The magistrate's probable cause determination must reflect a proper analysis of the "totality of the circumstances" approach of *Gates.* The magistrate must issue the warrant in proper form.[1] *See Leon,* 104 S.Ct. at 3417–18.

█ Thus, we now have the objective good faith rule announced in *Leon* that:

In the absence of an allegation that the magistrate abandoned his detached and

---

1. Deference to the magistrate appears unaffected by the magistrate's failure as a scrivener. "Suppressing evidence because the judge failed to make all the necessary clerical corrections [in a warrant form] despite his assurances that such changes would be made will not serve the deterrent function that the exclusionary rule was designed to achieve." *Massachusetts v. Sheppard,* 104 S.Ct. at 3429–30.

neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.

104 S.Ct. at 3423. We turn then to the application of that rule in the present case. In applying the rule, *Leon* gives us four situations in which suppression of evidence obtained by a police officer in reliance on a search warrant subsequently held to be invalid remains an appropriate remedy. Under *Leon*, suppression of the evidence in the present case would be appropriate only under one or more of these four conditions: (1) the affidavit misled the issuing magistrate by stating some falsehood that the affiant either knew was false or asserted with a reckless disregard for the truth, *Franks v. Delaware*, (2) there is a well-founded allegation that the magistrate wholly abandoned his detached and neutral judicial role, (3) the affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, or (4) the warrant is facially deficient, *i.e.*, it fails to particularize the place to be searched or the things to be seized. *Leon*, 104 S.Ct. at 3421–3422.

▮▮▮ As to *Leon's* first condition, appellant argues that the condition was met because the affidavit contained a false statement knowingly or recklessly made. Appellant asserts that the false statement in the affidavit is the statement from Officer Adelstein that he knew *from personal knowledge* that there were two ounces of cocaine remaining at 6848 Lontos Drive. The affidavit, however, did not explicitly say that Officer Adelstein made this statement as a matter of personal knowledge. It appears that he made the statement as an inference from other facts known to him. The fact that the statement was not based on personal knowledge did not make it false. Since appellant has not shown that the affidavit contained a false statement, she has not shown that the search was invalid under *Franks v. Delaware*. Consequently, we conclude that the affidavit did not mislead the issuing magistrate by stating some falsehood that the affiant either knew was false or asserted with a reckless disregard for the truth. As to *Leon's* second condition, there is no allegation that the issuing magistrate abandoned his proper judicial role. As to *Leon's* third condition, the police officer swore out the affidavit on the basis of information from a named informant who made what was at least arguably a declaration against penal interest and who gave the exact address at which he had bought cocaine, a description of the premises, the name of the person who sold cocaine to him, and an estimate of the amount of cocaine he had seen at the address. Appellant argues that the informant's statements actually did not amount to a declaration against penal interest and that the informant had not given sufficiently detailed information about the contraband or its location. Regardless of whether appellant's argument is correct, we conclude that the record shows indications of probable cause strong enough to establish that the officer who swore out the affidavit "harbored an objectively reasonable belief in the existence of probable cause." *Leon*, 104 S.Ct. at 3423. We conclude further, therefore, that the affidavit is not so lacking in the indicia of probable cause as to render official belief in the existence of probable cause entirely unreasonable. As to *Leon's* fourth condition, the affidavit in the present case clearly is not facially deficient. It does particularize the place to be searched and the things to be seized.

▮▮▮ We conclude, therefore, that none of *Leon's* conditions for suppression of the evidence are met in the present case. We conclude further that in the present case the police officers acted with objective good faith and conducted the search within the scope of the warrant. It follows, and we so hold, that in the present case the exclusionary rule should not be applied so as to bar the use in the State's case-in-chief of evidence obtained by police officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate and subsequently assumed to be invalid. We hold further, therefore, that un-

der the facts the exclusionary rule does not bar admission of the evidence in the present case. Thus, we conclude that the trial court did not err by denying the appellant's motion to suppress evidence with respect to the search of the house. Accordingly, appellant's first ground of error is overruled. Furthermore, we conclude that the trial court did not err in refusing to suppress the fruits of the search of the house under *Franks v. Delaware.* Consequently, appellant's second ground of error is overruled.

■ In her third ground of error, appellant contends that the trial court erred by failing to suppress the fruits of the search of the Oldsmobile. Citing *Dunaway v. New York,* 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979); *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); and *Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964), appellant argues in her brief that since her arrest was unlawful, the seizure of the cocaine was likewise illegal and that, therefore, the cocaine should have been suppressed. In *Adams v. State,* we affirmed appellant's conviction for evading arrest. At oral argument, appellant conceded that appellant's arrest for the offense of evading arrest which was at issue in that case is the same arrest of appellant that is before us in the present case and at issue under appellant's third ground of error. At oral argument, appellant further conceded that our judgment affirming her conviction for evading arrest in her prior appeal is now final and that, therefore, appellant's third ground of error is moot. Accordingly, appellant's third ground of error is overruled.

Affirmed.