Patrick Kevin KOSANDA, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–86–00643–CR, 05–86–00644–CR.

Court of Appeals of Texas, Dallas.

March 25, 1987.

Michael R. Millican, Richardson, for appellant.

Kathi Alyce Drew, Asst. Dist. Atty., Dallas, for appellee.

Before HOWELL, McCLUNG and McCRAW, JJ.

McCLUNG, Justice.

Appellant, on five years' probation for burglary, was convicted of cocaine possession in a trial before the court. The trial court assessed a five-year sentence for cocaine possession and revoked appellant's probation. Appellant appeals both the conviction and probation revocation. In one of his points of error, he contends that during the proceedings, evidence was admitted in violation of article 38.23 of the Texas Code of Criminal Procedure. We agree. The judgments of the trial court are reversed and the cases remanded for further proceedings.

Appellant was detained by a Richardson police officer for speeding. A routine radio check by the officer revealed three outstanding warrants in appellant's name from Callahan County, Texas. The officer arrested appellant based on these warrants. When appellant's billfold was inventoried at the police station, the officers discovered it contained a packet of cocaine. Appellant was charged and convicted of cocaine possession and his probation was revoked on the basis of this conviction.

One of the warrants was based on a complaint that alleged appellant was speeding on March 5, 1985. A second warrant rested on a complaint alleging that on March 5, 1985, appellant operated a motor vehicle without an operator's license. The record indicates that these complaints were in turn based upon citations issued by a Texas highway patrolman who testified for the State in this case. This officer testified that he did not sign the complaints. He further testified that he did not swear to the complaints and that the signatures were not his but were "rubber-stamp" facsimiles. On April 9, 1985, a justice of the peace in Callahan County issued warrants for the arrest of appellant based upon these purported complaints. Also on April 9, 1985, this same justice of the peace issued a third warrant for the arrest of appellant based on a complaint that appellant violated a promise to appear in justice court on April 9 of some unspecified year. This purported complaint was similar to the other two in that it was unsworn and it bore a "rubber-stamp" copy of the same officer's signature.

Appellant asserts that the trial court erred in denying his motion to suppress the cocaine seized by the Richardson police because the warrants on which he was arrested did not comply with Texas Code of Criminal Procedure article 15.03(2); and the complaints were not signed or sworn and did not comply with articles 45.16 and 45.17.

The State concedes that while the traffic complaints and warrants may not be valid on their face, it would have been possible for the justice of the peace to have validly issued a warrant for the arrest of Kosanda under the authority of article 45.15 because article 45.15 allows a justice of the peace to issue a warrant for the arrest of a person who commits a crime in his presence if the justice has jurisdiction to try the crime. Therefore, the State argues, this warrant is valid because the failure to

appear, if any, occurred in the presence of the justice of the peace.[1] We agree that the justice of the peace has such authority and could possibly issue a warrant in the event the failure to appear did occur in his presence. Under the facts and record in this case, however, the State's position is contrary to the plain words of the warrant, and the underlying complaint with the officer's "rubber-stamped" signature. There is no evidence that the appellant's alleged failure to appear occurred in the presence of this justice. We are cited no authority that would allow us to assume that the justice here had any personal knowledge of the alleged failure to appear. In fact, we are aware of authority to the contrary. *See Rumsey v. State*, 675 S.W.2d 517 (Tex. Crim.App.1984). *Rumsey* held that a warrant issued pursuant to a complaint asserting personal knowledge of a crime was invalid where no facts were alleged to support the assertion of personal knowledge. Not only is there no assertion of personal knowledge of the justice (and supporting facts) on the warrant here but the warrant asserts that it is based on the complaint of another. Consequently, we hold that none of the three warrants were valid. Therefore, unless an exception applies, the evidence was improperly admitted and a new trial is appropriate.

 We find no suggestion in the record that the Richardson police officer did anything improper, or that he knew that the warrants were not properly issued. The State asserts that the cocaine was admissible under *Adams v. State*, 683 S.W.2d 525 (Tex.App.—Dallas 1984, pet. ref'd). *Adams* followed the good faith exception rule of *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Specifically, *Adams* held that the United States Constitution does not bar the use of evidence obtained by police officers acting in reasonable good faith reliance on a search warrant issued by a detached and neutral magistrate and subsequently found to be invalid. *Adams*, 683 S.W.2d at 530–

31. We are not persuaded that *Adams* applies in this case.

The appellant here objected to the admission of the cocaine, citing article 38.23 of the Code of Criminal Procedure. This Court has previously addressed this question and held that article 38.23 contains no good faith exception. *See Polk v. State*, 704 S.W.2d 929, 935 (Tex.App.—Dallas 1986, pet. granted). No exception applies that would allow admission of the cocaine discovered in the search pursuant to the illegal arrest. TEX.CODE CRIM.PROC. article 38.23; *Polk*, 704 S.W.2d at 935. We hold that *Polk* is dispositive of this issue.

The judgments of the trial court are reversed and the cases remanded for further proceedings consistent with this opinion.

---

**1.** The State relies on *Tedford v. McWhorter*, 373 S.W.2d 832 (Tex.Civ.App.—Eastland 1963, writ ref'd n.r.e.). *Tedford* concerns civil liability for false arrest and is inapposite to this case.