IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00290-CR

 

Gary Lyn Black,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 249th District
Court

Johnson County, Texas

Trial Court No. F41933

 



memorandum  Opinion ON REHEARING



 

            In his motion for rehearing,
Appellant Gary Black asserts that there is no evidence the “failure to appear”
occurred in the presence of Justice Jacobs, citing Kosanda v. State, 727
S.W.2d 784 (Tex. App.—Dallas 1987, pet. ref’d).

            During trial on the merits, and
outside the presence of the jury, the State requested the trial court to
re-open the suppression hearing, which had occurred the day before, to present
testimony from Justice Jacobs.  Black objected,[1]
and the trial court allowed Justice Jacobs to testify outside the presence of
the jury.  Justice Jacobs testified that she was present when Black failed to
appear, that his failure to appear occurred in her view, and that she issued
the warrant for it thereafter.

            In a “subpoint of error,”
Black complains that the trial court erred in reopening the suppression evidence. 
Citing Rachal v. State, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996),
Black correctly argues that an appellate court can consider trial evidence on a
suppression issue only if it is consensually relitigated at trial.  But here,
the evidence was not “trial” evidence before the jury.  Instead, Justice
Jacobs’s testimony was presented in a re-opening of the suppression hearing
outside of the jury’s presence, and the trial court had the discretion to allow
it.  See Montalvo v. State, 846 S.W.2d 133, 136-38 (Tex. App.—Austin
1993, no pet.).  We overrule Black’s “subpoint.”

Article 45.103 applies to the “failure
to appear” arrest warrant issued by Justice Jacobs.  See Tex. Code Crim. Proc. Ann. art. 45.103
(Vernon 2006).  The trial court did not err in concluding that article 45.103
allowed for the Justice of the Peace’s issuance of the arrest warrant for
failure to appear without a sworn complaint.  The arrest warrant was valid. 
Accordingly, the trial court did not abuse its discretion in denying the motion
to suppress.

            We deny the motion for
rehearing and affirm the trial court’s judgment.

 

 

 

REX D. DAVIS

Justice

 

 

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Motion
denied

Affirmed

Opinion
delivered and filed September 1, 2010

Do
not publish

[CRPM]








 









[1]
Black objected to relitigating the
suppression issue at trial.








 at 374-75; Shear Cuts, Inc., 141 S.W.3d at 269.

            In
order to establish a prima facie case of discrimination in the context of a
denial of an employment position, Little was required to show that (1) she is a
member of a protected class, (2) she applied for and was qualified for the
position, (3) despite her qualifications, she was rejected, and (4) after she
was rejected, the position remained open and the employer continued to seek
applicants with her qualifications.  See Romo v. Tex. Dep't of Transp.,
48 S.W.3d 265, 270 (Tex. App.—San Antonio 2001, no pet.).  In order to prove
causation, Little must establish that her disability “was a motivating factor
for an employment practice, even if other factors also motivated the
practice….”  Tex. Lab. Code Ann.
§ 21.125(a) (Vernon 2006); Quantum Chem. Corp. v. Toennies, 47 S.W.3d
473, 479-80 (Tex. 2001).

            Little complains that the evidence
demonstrated that the sole witness that she called other than herself testified
that he considered her disability in determining if she would be able to do the
job and that he “falsified interpretation of [Little’s] job applications.”  She
does not address the prima facie case elements required.  Ronald Kelly, a
former supervisor with TDCJ, testified that he had been involved with several
of Little’s applications and interviews.  He admitted to noticing her limp and
that he considered everything that she had put on her applications because it
was necessary for determining who to select.  Kelly also testified that he did
not consider her disability at all, and was not allowed to inquire about
accommodations until she had been selected for the position.   

            However, Little presented no evidence
as to whether the position remained open after her interview and TDCJ continued
to seek applicants with her qualifications, or whether the persons who were
ultimately hired for the positions for which she applied but was not hired were
more or less qualified than she was for the specific position for which she had
applied.[1]  We
find that the trial court did not err by granting the motion for directed
verdict and entering judgment against Little.  We overrule this issue.  

Admission of Prior Convictions

Little complains that the trial court erred by
admitting evidence of her prior convictions pursuant to rules of evidence
404(b) and 609.  See Tex. R. Evid.
404(b) & 609.  However, she did not object at any time to the trial court
about the admissibility of her criminal history and in fact, affirmatively
stated that she had no objection to the evidence.  To preserve error for
review, a litigant must object and state the grounds for the ruling sought from
the trial court with sufficient specificity to make the court aware of the
complaint.  See Tex. R. App.
P. 33.1(a)(1)(A).  Because Little made no objection to the trial court, this
complaint is not preserved and there is nothing for us to review.  See id. 
We overrule this issue.

Conclusion

            We find that the trial court did not err by granting the motion for
directed verdict and that the complaint regarding Little’s prior convictions
was waived.  We affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed May 12, 2010

[CV06]









[1] In
her response to the motion for summary judgment filed in this action, Little
produced significant substantive evidence of her many attempts to be hired by
TDCJ, including documentary and deposition evidence.  See Little v. Tex. Dep’t of Crim. Justice, 148 S.W.3d 374 (Tex. 2004); Little v. Tex. Dep’t of
Crim. Justice, 177 S.W.3d 324 (Tex. App.—Houston [14th Dist.]
2005, no pet.).  However, this evidence was not admitted at trial, nor were any
of the witnesses called to testify regarding her interviews and qualifications
other than Kelly.