**DISMISS; Opinion Filed April 22, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01684-CR**

**ROTOLET MCGEE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F01-73192-R**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Moseley

Rotolet McGee pleaded guilty to aggravated robbery. The trial court deferred adjudicating appellant's guilt and placed him on community supervision. The trial court later adjudicated appellant guilty and sentenced him to forty-five years' imprisonment. On June 15, 2012, appellant filed a pro se motion for reformation of his judgment, seeking to have his sentence reduced from forty-five years to ten years. The trial court denied appellant the relief requested and this appeal followed. Because it appeared we lacked jurisdiction over the appeal, we asked the parties to file letter briefs addressing our jurisdiction.

The trial court appointed counsel for appellant. Counsel filed a letter brief conceding the trial court's order denying the motion to reform the judgment has not been held to be an appealable order. Counsel asserts the allegations in appellant's motion are sufficient for this

Court to construe as an application for writ of habeas corpus, but concedes that only the Texas Court of Criminal Appeals has jurisdiction over post-conviction habeas corpus proceedings.[1]

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id*. at 523. As a general rule, an appellate court may consider appeals by criminal defendants only after conviction. *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.). A court of appeals has no jurisdiction over an appeal absent a written judgment or an appealable order. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010); *Nikrasch v. State*, 698 S.W.2d 443, 450 (Tex. App.—Dallas 1985, no pet.). The types of orders from which appeals are permitted are orders deferring adjudication of guilt; orders in certain habeas corpus, bail, and extradition proceedings; and orders denying motions for judgments nunc pro tunc. *See generally* TEX. CODE CRIM. P. ANN. 11.072 (West 2005) (habeas corpus); TEX. R. APP. P. 31 (habeas corpus, bail, extradition); *Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012) (order denying motion for judgment nunc pro tunc); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999) (deferred adjudication order).

The trial court's order denying appellant's motion for a sentence reduction is not one of the enumerated appealable orders. Absent an appealable order, we have no jurisdiction over the appeal. *See Gutierrez*, 307 S.W.3d at 321; *Nikrasch*, 698 S.W.2d at 450.

---

[1] Counsel states that nothing prevents this Court from ordering the trial court to treat appellant's motion as an application for writ of habeas corpus. However, as counsel stated, we do not have jurisdiction over post-conviction habeas corpus proceedings, and there are specific procedures that must be followed in filing such applications. Therefore, we decline counsel's invitation to order the trial court to treat appellant's motion as an application for writ of habeas corpus.

We dismiss the appeal for want of jurisdiction.

**/Jim Moseley/**
_____
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121684F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROTOLET MCGEE, Appellant

No. 05-12-01684-CR　　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F01-73192-R.
Opinion delivered by Justice Moseley,
Justices O'Neill and Lewis participating.

　　　Based on the Court's opinion of this date, we **DISMISS** the appeal for want of
jurisdiction.


Judgment entered this 22nd day of April, 2013.


/Jim Moseley/
JIM MOSELEY
JUSTICE

–4–