**DISMISS; and Opinion Filed May 3, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-13-00526-CR**
**No. 05-13-00527-CR**
**No. 05-13-00528-CR**

**EX PARTE RENE ADOLPHO GUZMAN**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. C71-01677-N, C71-01678-N, C71-01679-N**

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice O'Neill

Rene Adolpho Guzman appeals the trial court's order denying his motion for production of the grand jury proceedings and transcript in these cases. We conclude we lack jurisdiction over the appeals.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id*. at 523. As a general rule, an appellate court may consider appeals by criminal defendants only after conviction. *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.). A court of appeals has no jurisdiction over an appeal absent a written judgment or an appealable order. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010); *Nikrasch v. State*, 698 S.W.2d 443, 450 (Tex. App.—Dallas 1985, no pet.). The types of orders from which

appeals are permitted are orders deferring adjudication of guilt; orders in certain habeas corpus, bail, and extradition proceedings; and orders denying motions for judgments nunc pro tunc. *See generally* TEX. CODE CRIM. P. ANN. 11.072 (West 2005) (habeas corpus); TEX. R. APP. P. 31 (habeas corpus, bail, extradition); *Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012) (order denying motion for judgment nunc pro tunc); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999) (deferred adjudication order).

The trial court's order denying appellant's motion for production of the grand jury proceedings and transcript is not one of the enumerated appealable orders. Absent an appealable order, we have no jurisdiction over the appeal. *See Gutierrez*, 307 S.W.3d at 321; *Nikrasch*, 698 S.W.2d at 450.

We dismiss the appeals for want of jurisdiction.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130526F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE RENE ADOLPHO GUZMAN

No. 05-13-00526-CR

On Appeal from the 195th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. C71-01677-N.
Opinion delivered by Justice O'Neill,
Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 3rd day of May, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE RENE ADOLPHO GUZMAN

No. 05-13-00527-CR

On Appeal from the 195th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. C71-01678-N.
Opinion delivered by Justice O'Neill,
Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 3rd day of May, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE RENE ADOLPHO GUZMAN

No. 05-13-00528-CR

On Appeal from the 195th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. C71-01679-N.
Opinion delivered by Justice O'Neill,
Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of
jurisdiction.

Judgment entered this 3rd day of May, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE