

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00100-CR

_____

ROY GENE JONES, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 23163

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Roy Gene Jones, Jr., acting pro se, seeks to appeal the trial court's denial of his motion to be released from confinement on one of his convictions for "time served."[1] Finding we lack jurisdiction to entertain Jones' appeal, we dismiss it.

On September 9, 2013, the trial court entered two judgments against Jones, one for each of two counts. Count one alleged delivery of a controlled substance—cocaine—in an amount of one to four grams,[2] and resulted in a sentence of ten years' confinement. Count two, for delivery of less than one gram of cocaine,[3] yielded twenty-four months' confinement. The sentences were to run concurrently. About seven months after pronouncement of the sentences, Jones filed his motion with the trial court asking, effectively, for the trial court to commute his sentence on count two, a state jail offense, to time served.

---

[1]Jones' motion asks,

> In the interest of justice, I Roy G. Jones Jr. would like to request time served on State Jail Felony by a plea of Nolo Contendre
>
> . . . .
>
> Current efforts to rehabilitate and pay my debt to society and would best be served, if the honorable court will grant this plea/motion for time served, or at the very least dismiss do [sic] to justice being served by the mandatory 5 yrs. that the defendant has to serve before eligible for parole.

We interpret this statement as meaning Jones believes he will not be eligible for parole consideration on count one until he has served five years. With the caveat that we only have a limited record before us, we do not see anything in the judgment for count one's second degree offense that would require a five-year minimum. *See generally* TEX. GOVT. CODE ANN. § 508.145 (West Supp. 2013). Such determination, though, is left to the Texas Board of Pardons and Paroles.

[2]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (West 2010).

[3]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(b) (West 2010).

The jurisdiction of an appellate court must be legally invoked; otherwise, the court has no power to act. *See Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). As a general rule, an appellate court may consider appeals by criminal defendants only after conviction. *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.). A court of appeals has no jurisdiction over an appeal absent a written judgment or an appealable order. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010); *Nikrasch v. State*, 698 S.W.2d 443, 450 (Tex. App.—Dallas 1985, no pet.). The types of orders from which appeals are permitted are orders deferring adjudication of guilt; orders in certain habeas corpus, bail, and extradition proceedings; and orders denying motions for judgments nunc pro tunc. *See generally* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West Supp. 2013) (habeas corpus); TEX. R. APP. P. 31 (habeas corpus, bail, extradition); *Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012) (order denying motion for judgment nunc pro tunc); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999) (deferred adjudication order).

The trial court's judgments were entered September 9, 2013, more than thirty days before Jones' notice of appeal. We have found no authority granting this Court jurisdiction over an appeal of an order denying a motion for time served, or to commute a previously entered sentence, more than thirty days after the trial court's judgment was entered.

Finding we lack jurisdiction over this matter, we dismiss the appeal.


                    Josh R. Morriss, III
                    Chief Justice

Date Submitted:     July 3, 2014
Date Decided:      July 7, 2014

Do Not Publish