**DISMISSED; Opinion Filed August 10, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00835-CR
### No. 05-16-00836-CR

### SENRICK WILKERSON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-01183 & F10-01184**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Brown
Opinion by Justice Evans

On July 15, 2016, appellant filed his notices of appeal in these causes. In his notices, he states he is appealing the trial court's dismissal of his "Motion for Nunc Pro Tunc." We dismiss these appeals for want of jurisdiction.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). The right to appeal in a

criminal case is a statutorily created right. *See McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006); *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). *See also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006) (providing right of appeal for defendant); TEX. R. APP. P. 25.2(a)(2) (rules for appeal by defendant). Appellate courts may consider appeals by criminal defendants only after conviction or the entry of an appealable order. *See Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.–Dallas 1998, no pet.).

Although appellant claims he filed, and the trial court dismissed, his motion nunc pro tunc, the trial court has not ruled on appellant's motions. Absent written orders, this Court has no jurisdiction. *See Nikrasch v. State*, 698 S.W.2d 443, 450 (Tex. App.–Dallas 1985, no pet.). As this Court has stated previously, (1) we have no jurisdiction over an appeal absent a written judgment or appealable order, and (2) the only avenue for collaterally attacking a final felony conviction is by application for post-conviction writ of habeas corpus and we have no jurisdiction over such proceedings. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.05, 11.07 (West 2015) (habeas corpus); *Nikrasch*, 698 S.W.2d at 450 (judgment or written appealable order).

We dismiss these appeals for want of jurisdiction.


/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
160835F.U05

–2–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

SENRICK WILKERSON, Appellant

No. 05-16-00835-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F10-01183.
Opinion delivered by Justice Evans, Justices
Lang-Miers and Brown participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 10th day of August, 2016.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

SENRICK WILKERSON, Appellant

No. 05-16-00836-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F10-01184.
Opinion delivered by Justice Evans, Justices Lang-Miers and Brown participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.


Judgment entered this 10th day of August, 2016.