**Debbie Lee ADAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–00221–CR.**

Court of Appeals of Texas, Dallas.

March 27, 1984.

---

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Donald G. Davis, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, WHITHAM and STEWART, JJ.

WHITHAM, Justice.

Appellant, Debbie Lee Adams, appeals a conviction for evading arrest. In her sole ground of error appellant contends that the evidence is insufficient to support her conviction because the State failed to prove the attempted arrest was lawful. We conclude that appellant's arrest was lawful. Accordingly, we affirm.

Appellant was charged with evading arrest under TEX.PENAL CODE ANN. § 38.04 (Vernon 1974), which provides in pertinent part:

(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to arrest him.

(b) It is an exception to the application of this section that the attempted arrest is unlawful.

Two uniformed police officers were in a marked patrol car in the vicinity of a shopping center working in conjunction with narcotics officers concerning a narcotics transaction that was supposed to occur. The uniformed officers received information over their police radio that suspects in the narcotics transaction were leaving their house and going to a bar in the shopping center. The suspects' car was described as a cream colored, 1978 Oldsmobile Cutlass. The officers were ordered to stop the suspects for informational purposes. The officers proceeded to the shopping center. In the shopping center, the officers observed the Cutlass travelling at a high rate of speed in the shopping center parking lot and immediately positioned their patrol car behind it and turned on their red lights and siren. Appellant exited the parking lot and drove the Cutlass over public streets and highways of the State of Texas at speeds as high as seventy miles per hour with the police in pursuit. The Cutlass eventually stopped and appellant was arrested for evading arrest.

Appellant asserts that the attempted arrest was unlawful and, therefore, the evidence was insufficient to sustain a conviction under TEX.PENAL CODE ANN. § 38.04. Appellant argues that "it was incumbent upon the State to produce the officer who ordered the stop and establish by his testimony evidence that probable cause existed for the stop." Thus, appellant relates her arrest to the information the officers received over the police radio. We conclude that we need not reach this issue nor the question of whether the officers had a right to make an investigatory stop under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We

reach this conclusion because we consider appellant's violation of the state's maximum speed limit to be dispositive of the present case. Thus, we relate appellant's arrest to the fact that she operated a motor vehicle at seventy miles per hour over public streets in violation of state law in an effort to avoid being stopped by a police patrol car displaying flashing red lights and sounding a siren. Therefore, it becomes immaterial to a disposition of the present case that the State failed to prove violations of city ordinances as urged by appellant. The identical contention was raised and rejected in *Boyett v. State*, 487 S.W.2d 357, 359 (Tex.Cr.App.1972):

> Appellant urges that this arrest was illegal and that all evidence obtained as a result thereof should have been suppressed. *Appellant argues that the State failed to prove that a Houston City Ordinance existed relative to speed of motor vehicles* and since the officers did not know the vehicle was stolen, no arrest warrant had been issued for appellant, and no violation of the law was committed in the arresting officer's presence, there was no probable cause for arresting appellant.

> Article 6701d, Sec. 166, V.A.C.S., provides that a speed in excess of thirty miles per hour in any urban district, and a speed in excess of seventy miles per hour during the daytime (sixty-five miles per hour during the nightime) on any highway outside any urban district shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful. Since appellant's vehicle had reached a speed of eighty miles per hour, prima facie evidence of unlawful speed existed without regard to whether appellant was inside the city of Houston, within an urban area or outside an urban area. See *Gano v. State*, Tex.Cr.App., 466 S.W.2d 730. Art. 6701d, Sec. 153, V.A.C.S., provides: "Any peace officer is authorized to arrest without warrant any person found committing a violation of any provision of this [article]." We reject appellant's contention that the court

erred in overruling his motion to suppress. [emphasis ours]

Accordingly, we look to the provisions of state law and hold that a person may not violate state traffic laws to avoid being stopped by a police officer.

At the time of appellant's arrest on March 4, 1982, the maximum speed limit in Texas was fifty-five miles per hour. We reach this conclusion this way. Pursuant to 23 U.S.C.A. Section 154(a) (West Supp. 1982), the Secretary of Transportation is prohibited from approving any of certain federally aided highway projects in any state which has a maximum speed limit on any public highway within its jurisdiction in excess of fifty-five miles per hour. TEX. REV.CIV.STAT.ANN. art. 6701d, § 169B (Vernon 1977) authorizes the State Highway and Public Transportation Commission to enter orders establishing temporary maximum prima facie speed limits. Article 6701d, § 169B(b)(4) justifies an order under § 169B if "[t]he failure to alter state speed limits will prevent the state from receiving revenue for highway purposes from the federal government." When the State Highway and Public Transportation Commission enters an order under Section 169B the order is filed in the office of the governor. If the governor finds the facts to exist as stated in the commission's order and finds that the facts support the issuance of the order, then the governor shall issue a proclamation stating the necessary facts exist to support the issuance of the order. As shown by Governor's Proclamation 41–1849, 7 Tex.Reg. 840 (1982), the State Highway and Public Transportation Commission entered the required order establishing a temporary maximum prima facie speed limit applicable to all highways in the State of Texas at fifty-five miles per hour and filed its order in the office of the governor. As also shown by Governor's Proclamation 41–1849, the governor on February 18, 1982, did "proclaim that the facts necessary to support the issuance of the State Highway and Public Transportation Commission's Findings or Minute Order 79167 exist and the commission's finding or minute order shall take

effect on February 23, 1982, at 12:01 a.m." Pursuant to Article 6701d, § 169B(i), such maximum speed limit of fifty-five miles per hour was in effect during the initial 120 day maximum time period at the time of the offense in the present case on March 4, 1982. The secretary of state is required to publish executive orders of the governor in the Texas Register. TEX.REV.CIV.STAT. ANN. art. 6252–13a, § 6(a)(4) (Vernon Supp.1982–1983). We conclude that Governor's Proclamation 41–1849 is an executive order issued by the governor required to be published in the Texas Register. Governor's Proclamation 41–1849 was published in the Texas Register. 7 Tex.Reg. 840 (1982). The contents of the Texas Register are to be judicially noticed and constitute prima facie evidence of the text of the documents published in the Register and of the fact that they are in effect on and after the date of the notation. TEX.REV.CIV. STAT.ANN. art. 6252–13a, § 4(c) (Vernon Supp.1982–1983). Thus, we hold that the maximum speed limit at the time of the offense was fifty-five miles per hour.

We conclude, therefore, that appellant committed an offense in operating her vehicle in excess of fifty-five miles per hour. We conclude, further, that the police officers observed the commission of an offense within their view when they saw appellant operate her vehicle at seventy miles per hour. The observation of this traffic offense justified the officers in stopping the vehicle. TEX.CODE CRIM.PROC.ANN. art. 14.01 § (b) (Vernon 1977); *Nelson v. State*, 509 S.W.2d 367, 370 (Tex.Cr.App. 1974); *Wallace v. State*, 467 S.W.2d 608, 610 (Tex.Cr.App.1971). Thus, we hold that the moment appellant committed the offense of operating her vehicle in excess of fifty-five miles per hour she was subject to arrest by the pursuing police officers. Accordingly, we hold, further, that the attempted arrest was lawful. It follows, and we so hold, that the evidence was sufficient to support appellant's conviction. Appellant's sole ground of error is overruled.

Affirmed.

STEPHENS, Justice, concurring.

I concur in the disposition of this case by my colleagues, yet I disagree with the necessity of publicizing how the decision is reached. The facts, as recited in the majority opinion, provide all that is necessary to reach the conclusion that appellant was intentionally fleeing from a known police officer who was attempting a lawful arrest. At the time of appellant's arrest the maximum speed limit in Texas had been established at fifty-five miles per hour, by invoking the provisions of TEX.REV.CIV.STAT. ANN. art. 6701d § 169B (Vernon 1977); and section 153 of article 6701d authorized a police officer to arrest a violator of any provision of the article, without a warrant. The evidence shows that appellant was driving at a speed of seventy miles per hour on a public street which constituted a violation of article 6701d and authorized the arrest.