**Terrance Edward NIKRASCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 05–82–00332–CR to 05–82–00349–CR.

Court of Appeals of Texas, Dallas.

Sept. 27, 1985.

Thomas D. Glenn, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., John D. Nation, Asst. Dist. Atty., Dallas, for appellee.

Before WHITHAM, HOWELL and McCLUNG, JJ.

WHITHAM, Justice.

These cases, which constitute the appeal of appellant, Terrance E. Nikrasch, come to us on remand from the court of criminal appeals. In a previous unpublished opinion, we reversed and remanded the cases to the trial court because at oral argument the State conceded that the judgment in each of these cases should be reversed and remanded to the trial court and requested that this court do so. In its review of our decision, the court of criminal appeals reaffirmed the holding in *Morgan v. State,* 688 S.W.2d 504 (Tex.Crim.App.1985), that the existence of a judicial confession or admission does not bar an appellate court from reaching the merits of a pretrial motion properly preserved under TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979). Citing this as its rationale, the court of criminal appeals remanded to this court

so that we could rule on appellant's motion to suppress.

Appellant, Terrance E. Nikrasch, appeals his conviction for unlawful use of a criminal instrument (trial court cause number F–81–12439–M, court of appeals number 05–82–00332–CR). Appellant also attempts to appeal convictions for burglary of a building. Appellant, however, failed to properly perfect an appeal with respect to these purported convictions. Appellant's five grounds of error relate both to his properly perfected appeal and to his defective attempted appeals. We find no merit in any of appellant's grounds of error. Accordingly, we affirm the conviction for unlawful use of a criminal instrument in trial court cause number F–81–12439–M, court of appeals number 05–82–00332–CR, and dismiss the appeal in all other causes.

In his first ground of error, appellant contends that the trial court erred in denying his motion to suppress because the initial stop was a "pretext" stop. The arresting officers testified that the basis for the initial stop of the driver, appellant's co-defendant Charlesworth, was that Charlesworth had committed a "flagrant" traffic violation, namely, turning left from the rightmost of three southbound lanes instead of the left turn lane. Some of the officers who took part in the stop of the automobile also had been investigating appellant and Charlesworth and had suspicions that appellant and Charlesworth were guilty of other crimes. Appellant argues that this investigation and these suspicions make it clear that the stop was a pretext stop. We disagree. There was ample testimony that Charlesworth had committed a traffic violation. Thus, the stop was justified, regardless of suspicions the officers might have had that the occupants of the car had committed other crimes, *Dodson v. State*, 646 S.W.2d 177 (Tex.Crim.App.1983) (on rehearing), and regardless of any prior investigation of the occupants. *Adams v. State*, 669 S.W.2d 391 (Tex.App.—Dallas 1984, no pet.).

Appellant also argues—multifariously—that the officer who actually stopped the car had no authority to do so, since he did not see the offense, but only heard of it on the police radio. The officer who made the stop did so after hearing a radio broadcast direct from an officer who testified that he observed the traffic violation. A police officer who hears a report of an offense on the police radio may make a stop and arrest on the basis of that report. *Black v. State*, 503 S.W.2d 554, 555–56 (Tex.Crim.App.1974). We overrule appellant's first ground of error.

In his second ground of error, appellant contends that the trial court erred in denying his motion to suppress because of an invalid inventory search. Appellant makes two closely related arguments: (1) that the police illegally impounded the automobile after they stopped it, and (2) that the police illegally searched the trunk immediately after they stopped the automobile. These two arguments are related because the police's stated justification for the search of the trunk was that the search was a post-impoundment inventory search. Thus, appellant asserts, among other things, that the search was unlawful because the impoundment was unlawful.

We conclude that appellant has no right to complain about the search, even if the impoundment was unlawful. We reach this conclusion for the following reasons. Our review of the record reveals that even if the police officer's *purpose* in searching the trunk was to do a post-impoundment inventory, the search was justified on the basis of principles outside the law relating to post-impoundment inventories. One arresting officer testified that he asked Charlesworth if Charlesworth "minded" if the officer looked inside the trunk and that Charlesworth said that "he really didn't care; it wasn't his car; it belonged to Mr. Ort and that that would be up to Mr. Ort ..." Thus, the record shows that Charlesworth disclaimed any possessory interest in the automobile but said that he personally did not care if the officers searched the trunk. The record does not show appellant either asserting or disclaiming any possessory interest in the automobile. Nor does

it show appellant either consenting or objecting to the search. The only evidence that appellant had a possessory interest in the automobile came from Charlesworth's testimony that he and appellant were the co-owners of the automobile. If Charlesworth's testimony were accepted, then it would follow (1) that there is evidence that one of the co-owners of the automobile, Charlesworth, had effectively given his consent to a search of the trunk (by saying that he did not care if it were searched) and (2) that there is *no* evidence that the other co-owner, appellant, had objected. If Charlesworth's testimony were not accepted, it would follow that there is no reason to believe that appellant had a possessory interest in the automobile and, thus, any right to challenge the search of the trunk. *Esco v. State,* 668 S.W.2d 358, 361 (Tex. Crim.App.1982). In either case, appellant cannot complain about the search of the trunk.

■ Thus, even if the impoundment of the vehicle had been unlawful, there still would be no reason to suppress the challenged evidence. The initial search of the trunk was justifiable regardless of whether the impoundment was lawful. It is true that after impounding the automobile the police executed a search warrant on luggage in the trunk. Yet, if the police had simply left the automobile on the street, they still could have executed that warrant. The seizure of the challenged evidence was, therefore, in no way a fruit of the impoundment. An illegal impoundment would consequently not justify suppression. *See Autry v. State,* 626 S.W.2d 758, 764 (Tex. Crim.App.1982), *cert. denied,* 459 U.S. 882, 103 S.Ct. 180, 74 L.Ed.2d 147. We overrule appellant's second ground of error.

■ In his third ground of error, appellant contends that the trial court erred in denying his motion to suppress because of a defective search warrant. The search warrant in question was the warrant authorizing search of the luggage found in the trunk. This warrant also authorized appellant's arrest for possession of a criminal instrument. Appellant makes a number of arguments to support his position that the search warrant was defective. First, he notes that the affidavit for the search warrant alleges that there were "several written descriptions or inventories of stolen property." He argues that the affidavit in support of the search warrant "is absolutely devoid of any reference to, or facts relating to, the existence of" these descriptions or inventories. We conclude that we need not address the question of whether the affidavit was sufficient to establish probable cause for a search warrant. The record shows that the officers who executed the search warrant acted in objectively reasonable, good faith reliance on a duly issued warrant. Thus, since the warrant authorized a search for and seizure of the descriptions or inventories, the descriptions or inventories are not subject to suppression because of any failure of the affidavit to establish probable cause. *United States v. Leon,* —— U.S. ——, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); *Adams v. State,* 683 S.W.2d 525 (Tex.App.—Dallas 1984, no pet.).

■ Appellant also argues that the affidavit did not allege sufficient probable cause to support a warrant authorizing his arrest for possession of a criminal instrument, namely, safety deposit box keys and control keys for Texas Commerce Bank. We disagree. The affidavit alleges that appellant always accompanied Charlesworth into the Valley View Bank safety deposit vault. Charlesworth had rented his safety deposit box under false pretenses, putting down on the rental application a false address and a bogus New Jersey driver's license number. A bank official had seen appellant making notes on paper during a visit to the safety deposit vault. After the police stopped Charlesworth and appellant, they discovered, in their search of the car trunk, a number of safety deposit box keys and *blanks,* including keys for Valley View Bank and Texas Commerce Bank. Most importantly, they discovered a *hand-cut* control key for Texas Commerce Bank. We conclude that these allegations established probable cause to believe that

appellant and Charlesworth were burglarizing safety deposit boxes and possessing and using keys, particularly Texas Commerce Bank keys, to commit their burglaries. We conclude, therefore, that the affidavit established sufficient probable cause to justify appellant's arrest for possession of Texas Commerce Bank keys as criminal instruments. *See Winkles v. State*, 634 S.W.2d 289, 298–99 (Tex.Crim.App.1982) (en banc) (on rehearing); *Cote v. State*, 682 S.W.2d 380, 382–83 (Tex.App.—Austin 1984, no pet.).

■ Lastly, appellant argues that the lists of stolen property were appellant's "personal writings" and that TEX.CODE CRIM.PROC.ANN. art. 18.02(10) (Vernon Supp.1985), forbids their seizure. We have found no cases defining what "personal writings" are under article 18.02(10). However, following the guidance of *United States v. Doe*, 465 U.S. 605, 104 S.Ct. 1237, 1240–42, 79 L.Ed.2d 552 (1984), which construed the fifth amendment privilege against compelled production of personal writings, we hold that personal writings under article 18.02 are *non-business* writings only. While the lists in this case do not relate to any *legitimate* business, they do relate to appellant's illegitimate business of burglarizing safety deposit boxes. They are certainly not what one normally thinks of as non-business writings, that is, something on the order of diaries and personal letters. *See* 1 W. LAFAVE & J. ISRAEL, CRIMINAL PROCEDURE § 3.2(i) (1984). We conclude, therefore, that the lists were subject to seizure under article 18.02(10). We overrule appellant's third ground of error.

In his fourth ground of error, appellant contends that the trial court erred in denying his motion to suppress because of an unlawful search of luggage at the scene. Appellant first argues that the police obviously searched the luggage at the scene of the arrest and found the descriptions or inventories of stolen property, since the affidavit for a search warrant sought the descriptions or inventories even though it recited no facts showing probable cause

that they were in the luggage. Appellant's implicit conclusion seems to be that because the affidavit recited no facts relating to the descriptions or inventories, the police could have known about these descriptions or inventories only by having searched the luggage before issuance of the warrant. We disagree.

■ The affidavit states that a named bank official saw appellant "making notes on paper" while appellant was in the bank's safety deposit vault. In our earlier discussion of appellant's challenge to sufficient probable cause to support a warrant authorizing his arrest we recited other facts which constituted probable cause to believe that appellant and Charlesworth were stealing from the safety deposit boxes in that vault. Thus, the affidavit's allegation that a bank official saw appellant making notes while in the vault was a sufficient basis for the conclusion that appellant's notes were inventories or descriptions of stolen property. Therefore, the affidavit stated facts showing that the affiant had a basis for knowing about the descriptions or inventories of stolen property independent of any supposed illegal search of the luggage. It is not necessary to decide whether this basis for knowledge amounted to probable cause for belief that the descriptions or inventories were in the luggage. The relevant fact for this ground of error is that this basis for knowledge negates appellant's argument that the affiant could only have known about the descriptions or inventories through an illegal search of the luggage.

■ Appellant's second argument is that the Highland Park Police Department must have known about the contents of the luggage before execution of the warrant because it filed charges against appellant in connection with the Park Cities Bank keys before execution of the warrant. One arresting officer testified, however, that he found Park Cities Bank keys outside the luggage during the initial search of the trunk. Thus, the Highland Park Police Department could have filed the cases on the basis of these keys. It is true, as appellant

argues, that this same police officer testified, in effect, that the Highland Park Police Department did not file its cases on this basis, since this officer testified that Highland Park based its cases on the results of the execution of the search warrant. The trial court was free, however, absent an abuse of discretion, to disregard the officer's testimony about why Highland Park filed its cases. *Taylor v. State*, 604 S.W.2d 175, 177 (Tex.Crim.App.1980); *Zepeda v. State*, 638 S.W.2d 542, 545 (Tex. App.—Houston [1st Dist.] 1982, no pet.). Since the officer could easily have been mistaken about why Highland Park filed its cases, there would certainly be no abuse of discretion if the trial court disregarded his testimony on that subject. Thus, the record does not present to us the inevitable conclusion that the police unlawfully opened the luggage at the scene of the initial arrest. The trial court, as finder of fact, was free to conclude that the police had not illegally searched the luggage without a warrant. *Taylor*, 604 S.W.2d at 177. We overrule appellant's fourth ground of error.

In his fifth ground of error, appellant contends that the trial court erred in denying his motion to suppress because of an unlawful disclosure of bank information. Appellant argues that bank officials who cooperated with the police investigation of appellant violated 12 U.S.C.A. § 3403(b) (1980), by providing the police with (1) information from Charlesworth's safety deposit box application and (2) information that Charlesworth had a checking account at the bank with the minimum amount of money on deposit. Appellant also argues that bank officials violated Act of May 20, 1963, ch. 440, § 1, 1963 Tex.Gen.Laws 1135, *as renumbered by* Act of May 31, 1971, ch. 947, § 2, 1971 Tex.Gen.Laws 2875, 2876, *since amended by* Act of May 27, 1983, ch. 525, §§ 2–4, 1983 Tex.Gen. Laws 3056, 3057–60 (current version at TEX.REV.CIV.STAT.ANN. art. 342–705 (Vernon Supp.1985)), by telling the police officers that Charlesworth had only the minimum amount of money on deposit. Appellant insists that because the police

obtained all this information illegally, TEX. CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979) commands its exclusion, as well as all of its fruits.

As to appellant's 12 U.S.C.A. § 3403(b) contention, that statute forbids a financial institution from releasing the financial records of a customer to a "Government authority" unless the "Government authority" has complied with the applicable provisions of 12 U.S.C.A. §§ 3401–3420. Appellant argues that there is no evidence that the police complied with these provisions and that it is therefore necessary to regard the bank's disclosure of information about Charlesworth's bank account as a violation of section 3403(b). We disagree. If the bank violated Charlesworth's privacy rights under section 3403(b), it would be Charlesworth, and not appellant, who would be in a position to complain. Yet, even if we assume, without deciding, that appellant may complain about the bank's disclosure of Charlesworth's financial records, we conclude that appellant's argument fails. 12 U.S.C.A. § 3401(3) (1980) defines "Government authority" as "any agency or department of the United States, or any officer, employee or agent thereof." Thus, section 3403(b) does not apply to disclosure of financial records to agents of one of the states. The police in this case. Appellant, however, cites *Suburban Trust Co. v. Waller*, 44 Md.App. 335, 408 A.2d 758 (1979), as support for his position that section 3403(b) forbids a bank from disclosing a customer's financial records to local police. Appellant misreads *Waller*. *Waller* held that a bank had a common-law duty to keep its customers' financial records confidential and, therefore, permitted recovery to a customer who sued when the defendant bank's disclosure of information led to the customer's mistaken arrest. *Waller* cited 12 U.S.C. § 3401 *et seq.* only as analogous support for its holding that the bank had a common-law duty to refrain from disclosure. *Waller*, 408 A.2d at 764 n. 16. Consequently, we conclude that the bank officials in this case did not violate

section 3403(b) when they revealed the information about Charlesworth to the police.

■ Appellant is also mistaken when he argues that the version of TEX.REV.CIV. STAT.ANN. art. 342–705 in effect at the time the police investigated him forbade the bank from disclosing the amount of money Charlesworth had on deposit. The relevant version of article 347–705, Act of May 20, 1963, ch. 440 § 1, 1963 Tex.Gen. Laws 1135, *as renumbered* by Act of May 31, 1971 ch. 947, § 2, 1971 Tex.Gen.Laws 2875, 2876 (*since amended* 1983) stated, in pertinent part, that "neither shall any bank be required to disclose the amount deposited by any depositor to third parties" except under certain conditions not applicable in this case. This statute does not *forbid* a bank from disclosing how much a depositor has on deposit; it only provides that a bank may not be *required* to disclose that information. We conclude that the bank officials did not violate this statute when they told the police that Charlesworth had a checking account with the minimum amount of money in it. We overrule appellant's fifth ground of error.

■ Since we have overruled all of appellant's grounds of error, we must affirm the judgment of conviction in any cause in which appellant has properly perfected an appeal. We conclude that appellant has properly perfected an appeal only in trial court cause number F–81–12439–M, court of appeals number 05–82–00332–CR. The only judgment and sentence which appears in the transcript is a judgment and sentence for this one cause, reflecting a conviction for unlawful use of a criminal instrument. The record on appeal does not contain a copy of the judgments in any of the other causes in which appellant attempts to appeal. TEX.CODE CRIM. PROC.ANN. art. 40.09(1) (Vernon Supp. 1985), requires that the record on appeal contain a copy of the judgment in any cause in which a defendant seeks to appeal. The appellate court has no jurisdiction over the appeal of a cause without a copy of the judgment. *Urrutia v. State,* 668 S.W.2d 885, 886 (Tex.App.—San Antonio 1984, no

pet.). An appeal will be dismissed where the record on appeal does not contain a copy of the judgment. *Elliot v. State,* 412 S.W.2d 320 (Tex.Crim.App.1967). Consequently, we must dismiss the appeal in all but one cause before us.

Accordingly, we affirm appellant's conviction in trial court cause number F–81–12439–M, court of appeals number 05–82–00332–CR. We dismiss the appeal of all other causes appellant seeks to bring before us.

Affirmed in part, appeal dismissed in part.

HOWELL, J., concurring.

## ON REMAND FROM THE COURT OF CRIMINAL APPEALS

HOWELL, Justice, concurring

I concur in result only. This writer would hold that the stop was lawful and that the chain of circumstances transpiring thereafter made the search of the trunk lawful. The writer would further hold that, on the basis of the totality of circumstances then existing, the officers were possessed of probable cause and a reasonable necessity to immediately proceed to search the luggage without a warrant. It follows that the warrant was unnecessary and may be disregarded as surplusage.

The majority states that the evidence found in the luggage was not a fruit of the impoundment and that the warrant could still have been executed if the car had been left on the street. Although this writer agrees that appellant had no standing to complain, the statement is unsound. At that particular time, Charlesworth was only under arrest for possession of a forged driver's license. The only justification for search of the trunk was pre-impoundment inventory. Until the inventory search, the officers did not have probable cause to obtain a warrant. Thus, if they had "simply left the automobile on the street," the officers never could have obtained the warrant.

The majority has further turned aside challenges to the warrant on strength of *United States v. Leon*, — U.S. —, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) and *Adams v. State*, 683 S.W.2d 525 (Tex.App.—Dallas 1984, no pet.). However, appellant has invoked both federal and state law in support of his motion to suppress making *Adams* (motion based only on federal grounds) distinguishable. The majority assumes, rather than decides, that *Leon* is a principle of Texas law. *See Kann v. State*, 694 S.W.2d 156 (Tex.App.—Dallas 1985) (Howell concurring). The question is a serious one and should not be conclusorily decided. However, inasmuch as the warrant was surplusage, the question need not be reached on this record.

For reasons stated, I concur in the result.