**DISMISS; Opinion Filed April 2, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-13-00147-CR**

**GARY ISAAC, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F00-00858-N**

**MEMORANDUM OPINION**

Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice Myers

Gary Isaac was convicted of injury to a child in 2001 and sentenced to forty years' imprisonment. The conviction was affirmed on direct appeal. *Isaac v. State*, No. 05-01-01769-CR (Tex. App.–Dallas 2003, pet. ref'd). On August 22, 2002, the trial judge entered a nunc pro tunc order deleting the sex offender registration requirement from the judgment and giving appellant additional back time credit. In 2012, appellant filed a motion to modify the judgment seeking to delete a deadly weapon finding, which appellant asserts was added to the judgment by the August 22, 2002 nunc pro tunc order. Although the trial court has not ruled on appellant's motion, appellant filed a notice of appeal that indicates he is giving the notice "only in the event a final [judgment] is ordered in this action, and when no order to reform [judgment] is ordered or when an appointment of counsel is made." Appellant did not file a response to our letter questioning our jurisdiction over the appeal. We conclude we lack jurisdiction over the appeal.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.* at 523. As a general rule, an appellate court may consider appeals by criminal defendants only after conviction. *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.–Dallas 1998, no pet.). A court of appeals has no jurisdiction over an appeal absent a written judgment or other appealable order. *See Nikrasch v. State*, 698 S.W.2d 443, 450 (Tex. App.–Dallas 1985, no pet.).

In this case, there is no order ruling on appellant's motion for nunc pro tunc judgment. Accordingly, we have no jurisdiction over the appeal. *See id.*

We dismiss the appeal for want of jurisdiction.

/Lana Myers/
LANA MYERS
JUSTICE

Do No Publish
TEX. R. APP. P. 47
130147F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

GARY ISAAC, Appellant

No. 05-13-00147-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F00-00858-N.
Opinion delivered by Justice Myers, Justices Bridges and FitzGerald participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 2nd day of April, 2013.

/Lana Myers/
LANA MYERS
JUSTICE

–3–