

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00017-CR

THE STATE OF TEXAS, Appellant

V.

TYLEEN MARIE TATE, Appellee

On Appeal from the County Court at Law
Fannin County, Texas
Trial Court No. 49259

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

The State of Texas filed a notice of appeal attempting to appeal from the trial court's grant of Tyleen Marie Tate's motion to suppress evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West Supp. 2017). More specifically, the State attempted to appeal from a January 11, 2018, letter from the trial court to the parties advising them how the court planned to rule on Tate's motion.

This Court lacks jurisdiction over an appeal absent a written judgment or order. *See, e.g.*, *Nikrasch v. State*, 698 S.W.2d 443, 450 (Tex. App.—Dallas 1985, no pet.). As our sister court in Dallas so aptly stated,

> A letter from the trial court to counsel is typically not the type of document that constitutes a judgment, decision, or order. Only a letter evidencing a decision actually rendered, describing the decision with certainty as to parties and effect, and publicly announcing entry of the decision by prompt filing possesses all the necessary attributes of an order.

*Cooksey v. State*, No. 05-12-00301-CR, 2013 WL 1934943, at *2 (Tex. App.—Dallas May 10, 2013, no pet.) (mem. op., not designated for publication) (citations omitted);[1] *see Goff v. Tuchscherer*, 627 S.W.2d 397, 398–99 (Tex. 1982) (typically, "Letters to counsel are not the kind of documents that constitute a judgment, decision or order from which an appeal may be taken.").

By letter dated February 9, 2018, we informed the State of the potential jurisdictional issue stemming from the lack of an appealable written order and provided the State an opportunity to

---

[1]Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

demonstrate how we have jurisdiction notwithstanding the noted defect. We afforded the State ten days to respond to our jurisdictional defect letter. The State did not file a response.

Because the trial court's January 11, 2018, letter does not constitute an appealable written order, we lack jurisdiction over this appeal. Consequently, we dismiss the appeal for want of jurisdiction.

Josh R. Morriss, III
Chief Justice

Date Submitted:      February 26, 2018
Date Decided:        February 27, 2018

Do Not Publish

3