**DISMISS; Opinion Filed April 4, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00096-CR
### No. 05-19-00097-CR

**RUDY LOPEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F93-39883-R & F91-44984-R**

## MEMORANDUM OPINION
Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

Rudy Lopez appeals his convictions for sexual assault of a child and aggravated sexual assault of a child younger than 14 years of age.   On January 23, 2019, appellant's pro se notice of appeal was filed with this Court, stating he was appealing the trial court's refusal to take action on his motion for judgment nunc pro tunc filed with both case numbers listed.  After reviewing the notice of appeal, we notified appellant and the Dallas County District Attorney's Office that we had concerns regarding our jurisdiction and requested a letter brief from each.   Appellant responded, arguing that the Court has jurisdiction over appeals of denials of motions for judgment nunc pro tunc.

An appellate court has jurisdiction to determine an appeal only if the appeal is authorized by law.  *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008).  When the appellate court's jurisdiction is not legally invoked, the court's power to act is as absent as if it did not exist.

*Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). Appellate courts may consider criminal appeals only after final conviction or the entry of a narrow set of appealable interlocutory orders. TEX. R. APP. P. 26.2(a)(1); *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

The clerk's records in these appeals show appellant filed a motion for judgment nunc pro tunc on January 4, 2019. Eighteen days later, he filed his notice of appeal, stating he was appealing the denial of his motion for judgment nunc pro tunc. Our review of the clerk's records shows there has been no ruling on appellant's January 4, 2019 motions. Because there is no written order, we conclude we lack jurisdiction. *See Nikrasch v. State*, 698 S.W.2d 443, 450 (Tex. App.—Dallas 1985, no pet.) (court of appeals has no jurisdiction over appeal absent written judgment or order).

We dismiss these appeals.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190096F.U05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

RUDY LOPEZ, Appellant

No. 05-19-00096-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F93-39883-R.
Opinion delivered by Justice Myers.
Justices Osborne and Nowell participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.


Judgment entered this 4th day of April, 2019.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

RUDY LOPEZ, Appellant

No. 05-19-00097-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F91-44984-R.
Opinion delivered by Justice Myers.
Justices Osborne and Nowell participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 4th day of April, 2019.