**Dismissed; Opinion Filed August 21, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00613-CR

**KEMONE DUANE RODGERS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. MA16-18372-G**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Carlyle
Opinion by Justice Carlyle

Kemone Duane Rodgers filed a document entitled "Notice of Interlocutory Appeal for 'Defendant's Motion to Set Aside Complaint'" in this Court on May 23, 2019. In the motion, appellant states that although he presented the motion below, the trial court did not rule. He further states "[s]ince the Trial court has failed to rule [on his motion] within 94 days after it was filed . . . . it is deemed denied."

A clerk's record was filed June 5, 2019. After reviewing the record, we had concerns regarding our jurisdiction, specifically that there is no final judgment or order to appeal. We notified the parties and asked for jurisdictional letter briefs. Neither side responded.

An appellate court has jurisdiction to determine an appeal only if the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). When the appellate

court's jurisdiction is not legally invoked, the court's power to act is as absent as if it did not exist. *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). Appellate courts may consider criminal appeals only after final conviction or the entry of a narrow set of appealable interlocutory orders. TEX. R. APP. P. 25.2(a)(2), 26.2(a)(1); *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.— Dallas 1998, no pet.).

The clerk's record in this appeal shows that, although represented by appointed counsel, appellant filed a pro se "Motion to Set Aside Complaint" on February 18, 2019. On April 2, 2019, while he was still represented by appointed counsel, he filed a letter requesting a hearing on his motion. On May 20, 2019, the trial court granted appellant's motion to suppress; the following day, appellant filed an hand-written affidavit, stating the trial court "declined to allow [him] to present [his] motion" and that he would be representing himself from that point forward. Our review of the clerk's record shows there has been no ruling on appellant's February 18, 2019 motion. Because there is no written order, we conclude we lack jurisdiction. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (concluding that lack of written order leaves court of appeals without jurisdiction over appeal); *Nikrasch* v. State, 698 S.W.2d 443, 450 (Tex. App.—Dallas 1985, no pet.) (court of appeals has no jurisdiction over appeal absent written judgment or order).

We dismiss this appeal.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190613F.U05

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEMONE DUANE RODGERS, Appellant

No. 05-19-00613-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 6, Dallas County, Texas
Trial Court Cause No. MA16-18372-G.
Opinion delivered by Justice Carlyle,
Justices Myers and Molberg participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered this 21st day of August, 2019.