**DISMISS and Opinion Filed December 17, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-01474-CR**
**No. 05-19-01475-CR**

**MICHAEL-TREMAINE SCHEXNAYDER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F19-31190-TH & F19-31195-TH**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Evans
Opinion by Justice Evans

Michael-Tremaine Schexnayder filed a pro se notice of appeal in the above cases on December 3, 2019. In the notice of appeal, he states he is appealing the denial of the following:

- motion to dismiss (lack of personal & subject matter jurisdiction),
- motion to dismiss (state no real, state does not exist),
- affidavit of denial of corporate existence,
- motion to quash,
- motion for speedy trial,
- motion for remedy, cure, and maintenance,
- motion to invoke right to self-representation,
- motion of waiver of court appointed counsel, and
- motion to dismiss prosecution

When the Clerk of the Court contacted the trial court to determine the date of the final judgment or orders denying appellant relief, she was told appellant was indicted on August 29, 2019 but to date, no orders or judgment had been signed in either case.

An appellate court has jurisdiction to determine an appeal only if the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). When the appellate court's jurisdiction is not legally invoked, the court's power to act is as absent as if it did not exist. *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). Appellate courts may consider criminal appeals only after final conviction or the entry of a narrow set of appealable interlocutory orders. TEX. R. APP. P. 25.2(a)(2), 26.2(a)(1); *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

Although represented by appointed counsel below, appellant filed a pro se "Notice of Appeal" challenging various motions that have not been ruled on by the trial court. Because there are no written orders or a final judgment in either case, we conclude we lack jurisdiction. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (concluding that lack of written order leaves court of appeals without jurisdiction over appeal); *Nikrasch v. State*, 698 S.W.2d 443, 450 (Tex. App.—Dallas 1985, no pet.) (court of appeals has no jurisdiction over appeal absent written judgment or order).

We dismiss these appeals for want of jurisdiction.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191474F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL-TREMAINE
SCHEXNAYDER, Appellant

No. 05-19-01474-CR　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F19-31190-TH.
Opinion delivered by Justice Evans,
Justices Molberg and Reichek participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered December 17, 2019



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL-TREMAINE
SCHEXNAYDER, Appellant

No. 05-19-01475-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F19-31195-TH.
Opinion delivered by Justice Evans,
Justices Molberg and Reichek participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered December 17, 2019