**Dismiss and Opinion Filed September 20, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00385-CR**

**MORGAN RENEE MCCOMB, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-84981-2021**

## MEMORANDUM OPINION

Before Justices Molberg, Partida-Kipness, and Carlyle
Opinion by Justice Molberg

In an effort to give new life to a long-dead question, appellant Morgan Renee McComb asks us, in essence, to allow the same type of interlocutory criminal appeal the Texas Supreme Court foreclosed more than 150 years ago in *Chavis v. State*, 33 Tex. 446 (Tex. 1870), where the court stated, in an appeal of a denial of a motion to quash an indictment:

> It is very difficult to imagine how this case gets before us. The appellant is indicted for [an offense]. A motion is made to quash the indictment; the motion is overruled, and an appeal is attempted to be taken to this court.
>
> No appeal should have been allowed. . . .

. . . Were such a practice permitted, no person charged with crime could ever be brought to trial, as there would be no end of motions to quash, and no end of appeals from the judgments of the court.

*Id*. at 447.

In this case, McComb attempts a similar appeal, but with a new tool: the Texas Citizens Participation Act (TCPA), first enacted by the legislature in 2011 as chapter twenty-seven of the Texas Civil Practice and Remedies Code.[1] Specifically, McComb appeals the trial court's April 13, 2022 order denying her motion to dismiss her indictment[2] under the TCPA. In a single issue, she argues the trial court "erred by not dismissing a prosecution related to the exercise of free speech, brought in violation of the First Amendment, a right specifically enumerated within the protection of the TCPA."

For the reasons stated below, we conclude we lack jurisdiction over this interlocutory criminal appeal and dismiss the appeal for lack of jurisdiction.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011. All citations to the TCPA are to the current version unless otherwise indicated.

[2] McComb is charged with online impersonation under penal code section 33.07, which states, in part:

(a) A person commits an offense if the person, without obtaining the other person's consent and with the intent to harm, defraud, intimidate, or threaten any person, uses the name or persona of another person to:

(1) create a web page on a commercial social networking site or other Internet website; or

(2) post or send one or more messages on or through a commercial social networking site or other Internet website, other than on or through an electronic mail program or message board program.

## BACKGROUND

On November 18, 2021, the State filed a true bill of indictment against McComb which stated, in part:

**TRUE BILL OF INDICTMENT**

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:** The Grand Jury of Collin County, State of Texas, duly organized at the _____ JULY _____ Term, A.D., __2021__ of the __417th__ District Court of said county, in said court at said term, do present that _____

Morgan Renee McComb HEREINAFTER CALLED DEFENDANT

on or about the 24th day of June, 2020 in said county and State, did

then and there, without obtaining the consent of Constance Stanton, hereafter styled the complainant, intentionally and knowingly use the name or persona of the complainant to create a web page on a commercial social networking site or Internet website, namely Facebook with the intent to harm or defraud or intimidate or threaten Constance Stanton;

against the peace and dignity of the State.

_____
Foreman of the Grand Jury

The indictment charges McComb with online impersonation under Texas Penal Code section 33.07(a). *See* TEX. PENAL CODE § 33.07(a) (stating, in part, a person commits an offense "if the person, without obtaining the other person's consent and with the intent to harm, defraud, intimidate, or threaten any person, uses the name or persona of another person to: (1) create a web page on a commercial social networking site or other Internet website[.]").

On January 18, 2022, McComb moved to dismiss the indictment under the TCPA, arguing the prosecution is related to her exercise of free speech and is subject

–3–

to the TCPA's protections. The State opposed the motion and argued the prosecution is an enforcement action exempted from the TCPA under section 27.010(a)(1). *See* TEX. CIV. PRAC. & REM. CODE § 27.010(a)(1) (stating chapter 27 does not apply to "an enforcement action that is brought in the name of this state or a political subdivision of this state by the attorney general, a district attorney, a criminal district attorney, or a county attorney").

The trial court heard the motion on March 24, 2022. McComb called one witness, and two exhibits were admitted into evidence. The court took the matter under advisement at the end of the hearing, and on April 13, 2022, the trial court signed an order denying the motion. The order stated, in pertinent part, "After considering the evidence, the Court finds that the motion must be denied. It is therefore ORDERED that Defendant Morgan McComb's motion to dismiss is denied and overruled."

Twelve days later, McComb filed a notice of appeal. Nothing in the record before us indicates the trial court has ever certified McComb's right to do so.

Over the next three months, we received the clerk's record and reporter's record. On August 8, 2022, we sent a letter to the parties expressing concerns regarding our jurisdiction, in part, because the record appeared not to contain a final judgment or other signed appealable order.[3] We also noted the record also appeared

---

[3] *See* TEX. R. APP. P. 25.2, 26.2(a)(1); TEX. CODE CRIM. PROC. art. 44.02; *State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012); *Nikrasch v. State*, 698 S.W.2d 443, 450 (Tex. App.—Dallas 1985, no pet.) (court of appeals has no jurisdiction over appeal absent written judgment or order).

not to contain any certification of appellant's right to appeal. *See* TEX. R. APP. P. 25.2(a)(2) (trial court shall enter certification of defendant's right to appeal each time it enters judgment of guilt or other appealable order).

Our letter instructed appellant to provide a letter brief regarding jurisdiction by a certain date, directed the State to provide a response by a certain date, and informed the parties that after reviewing the jurisdictional briefs, the Court would either dismiss the appeal for want of jurisdiction or notify the parties by letter the Court has jurisdiction over the appeal and of any pending deadlines.

Meanwhile, before either of the deadlines for the parties' jurisdictional letter briefs passed, we received a supplemental clerk's record containing the signed April 13, 2022 order from which McComb appeals. On August 15, 2022, we issued an order informing the parties that the filing of the signed appealable order satisfied the jurisdictional concerns the Court had previously expressed and stated we have jurisdiction over this appeal.[4] Neither party submitted a jurisdictional letter brief after that order. Both parties did, however, file appellate briefs.

### ANALYSIS

*Jurisdiction*

In *Ex parte Armstrong*, 8 S.W.2d 674, 676 (Tex. Crim. App. 1928) (orig. proceeding), the court stated: "Unless the power or authority of a court to perform

---

[4] Our order did not directly address this, but even after the supplemental clerk's record was filed, the record on appeal still contains no certification by the trial court of appellant's right to appeal. *See* TEX. R. APP. P. 25.2(a)(2).

–5–

a contemplated act can be found in the Constitution or laws enacted thereunder, it is without jurisdiction and [it] acts without validity."

In her appellate brief, McComb asked us to reverse the trial court's April 13, 2022 order, dismiss the indictment, and enter a judgment of acquittal pursuant to rule of appellate procedure 43.2(c)[5] and argued we have jurisdiction over this appeal under TCPA section 27.008(b).[6] In its response brief, the State did not address jurisdiction and instead focused on the exemption listed in TCPA section 27.010(a)(1).[7]

We disagree with McComb's jurisdictional argument for many reasons.

First, we have previously stated civil laws do not apply in a criminal proceeding. *See Florance v. State*, No. 05-08-00984-CR, 2009 WL 2648177, at *6 (Tex. App.—Dallas Aug. 28, 2009, pet. ref'd) (not designated for publication) (stating, but without identifying the civil laws he cited and relied upon in that appeal, "The civil laws cited by [appellant] do not apply in this criminal proceeding."). We reach the same conclusion here with respect to TCPA section 27.008: as a civil law, it simply does not apply in this criminal proceeding. *See id.*

---

[5] Rule 43.2(c) states the court of appeals may "reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have entered."

[6] TEX. CIV. PRAC. & REM. CODE § 27.008(b) ("An appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003 or from a trial court's failure to rule on that motion in the time prescribed by Section 27.005.").

[7] *See* TEX. CIV. PRAC. & REM. CODE § 27.010(a)(1) (This chapter does not apply to "an enforcement action that is brought in the name of this state or a political subdivision of this state by the attorney general, a district attorney, a criminal district attorney, or a county attorney[.]").

Second, contrary to McComb's argument, even if the TCPA otherwise applied, section 27.008(b) does not address jurisdiction but instead requires appellate courts to expedite an appeal or other writ from a trial court's order on a TCPA motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE § 27.008(b).

Third, although McComb does not cite it in her jurisdictional argument, to the extent she implies it, we reject any implication that our interlocutory jurisdiction over denials of TCPA motions under TCPA section 51.014(a)(12)[8] extends to this criminal proceeding. We do so based on the same reasoning as that employed by our sister court in *Silver v. State*, No. 04-22-00190-CR, 2022 WL 1478571, at *1 (Tex. App.—San Antonio May 11, 2022, no pet.) (mem. op.) (per curiam), which stated, "[A]s the underlying case is a criminal matter, and not a civil one, neither section 51.014(a)(7) nor Rule 120a[9] is applicable to this appeal." Because this is a criminal matter, not civil, section 51.014(a)(12) of the civil practice and remedies code does not apply to this appeal. *See id.*

Fourth, *Chavis* rejects the notion a criminal defendant can pursue an interlocutory appeal of an order denying a motion to dismiss an indictment. *See* 33 Tex. at 47. We conclude we lack jurisdiction and vacate our August 15, 2022 order.

---

[8] *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12) ("A person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that . . . denies a motion to dismiss filed under Section 27.003.").

[9] Section 54.014(a)(7) authorizes an interlocutory appeal from an order that grants or denies the special appearance of a defendant under Texas Rule of Civil Procedure 120a. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(7); TEX. R. CIV. P. 120a.

–7–

*Exemption under TCPA Section 27.010(a)(1)*

Even if we had jurisdiction, and even if the TCPA otherwise applied in this criminal proceeding, the exemption in TCPA section 27.010(a)(1) would foreclose the relief McComb seeks. Section 27.010(a)(1) states that chapter 27 of the civil practice and remedies code "does not apply to . . . an enforcement action that is brought in the name of this state or a political subdivision of this state by the attorney general, a district attorney, a criminal district attorney, or a county attorney." TEX. CIV. PRAC. & REM. CODE § 27.010(a)(1). Unlike many other terms, the TCPA does not specifically define the phrase "enforcement action." However, in *State ex rel. Best v. Harper*, 562 S.W.3d 1, 12 (Tex. 2018), the court concluded, "[W]ithin the TCPA, the term 'enforcement action' refers to a governmental attempt to enforce a substantive legal prohibition against unlawful conduct." This is such a proceeding, as the indictment is brought in the name of the State and is, by its plain terms, "a governmental attempt to enforce a substantive legal prohibition against unlawful conduct"—namely, penal code section 33.07(a).

## CONCLUSION

We vacate our order of August 15, 2022, overrule McComb's sole issue, and dismiss the appeal for want of jurisdiction.

/Ken Molberg//
KEN MOLBERG
JUSTICE

220385f.u05

Do Not Publish
TEX. R. APP. P. 47.2



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MORGAN RENEE MCCOMB,
Appellant

No. 05-22-00385-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-84981-
2021.
Opinion delivered by Justice
Molberg. Justices Partida-Kipness
and Carlyle participating.

Based on the Court's opinion of this date, we **VACATE** our August 15, 2022 order and **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 20th day of September, 2022.