

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| EX PARTE: | § | No. 08-22-00186-CR |
| | § | Appeal from the |
| BRANDON BERRY, | § | 409th Judicial District Court |
| Appellant. | § | of El Paso County, Texas |
| | § | (TC#20150D02564) |

## <u>MEMORANDUM OPINION</u>

Appellant, Brandon Berry, pro se, attempts to appeal the denial of his pre-trial application for writ of habeas corpus heard by the trial court on September 20, 2022. We dismiss for want of jurisdiction.

On October 3, 2022, upon receipt of Appellant's notice of appeal, the Clerk of this Court issued a letter informing the parties no appealable order was found. Further, the letter gave notice of our intent to dismiss in ten days for lack of jurisdiction unless any party could show grounds for continuing the appeal. On October 12, 2022, Appellant filed a response, asserting that the trial court had verbally denied his pre-trial habeas writ application. Appellant does not provide the

purportedly appealed-from order, nor does he assert in his response that a written order denying the pre-trial writ application has been entered.[1]

A pre-trial application for writ of habeas corpus must be denied with a written order to properly invoke our jurisdiction. *State v. Wachtendorf*, 475 S.W.3d 895, 903-04 (Tex.Crim.App. 2015). When, as here, there is no written order from which to appeal, the court of appeals lacks jurisdiction over the appeal. *See State v. Sanavongxay*, 407 S.W.3d 252, 258-259 (Tex.Crim.App. 2012) (concluding that lack of written order leaves court of appeals without jurisdiction over appeal); *Nikrasch v. State*, 698 S.W.2d 443, 450 (Tex.App.--Dallas 1985, no pet.) (court of appeals has no jurisdiction over appeal absent written judgment or order).

Here, by Appellant's own admission, there is no written order denying Appellant's habeas application but merely a verbal pronouncement of denial by the trial court. Accordingly, we dismiss Appellant's appeal for want of jurisdiction. *See Wachtendorf*, 475 S.W.3d at 903-04; *Sanavongxay*, 407 S.W.3d at 258; *Payne v. State*, No. 12-17-00143-CR, 2017 WL 2570829, at *1 (Tex.App.--Tyler, June 14, 2017 no pet.) (per curiam) (mem. op., not designated for publication) (dismissing appeal from pretrial habeas application for want of jurisdiction absent written order); *Walton v. State*, No. 02-18-00396-CR, No. 02-18-00397-CR, No. 02-18-00398-CR, 2018 WL 6424242, at *1 (Tex.App.--Fort Worth Dec. 6, 2018, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction because appellate court had not received "a written order from the trial court—a prerequisite to appealability"); *Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex.App.--Fort Worth 1996, no pet.). All pending motions are denied as moot.

---

[1] Appellant insists we have jurisdiction in cause number 20150D00501, the underlying trial-court cause number in companion appellate docket number 08-22-00185-CR. He does not make the same assertion regarding trial-court cause number 20150D02564, the cause underlying the instant appeal.

JEFF ALLEY, Justice

October 19, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)