**DISMISS and Opinion Filed March 27, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00213-CR**

**No. 05-24-00214-CR**

**KARYN LYNN HALL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F22-12347, F23-12487**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Smith
Opinion by Justice Smith

Karyn Lynn Hall appeals the trial court's orders of January 11, 2024, which denied the State's motion to revoke community supervision or proceed with an adjudication of guilt, modified the conditions of community supervision, and extended the term of community supervision. The orders were not appealable orders. Accordingly, we dismiss the appeals for want of jurisdiction.

In cause number F22-12347, appellant was indicted for possession on September 8, 2022, of less than one gram of methamphetamine. In cause number F23-12487, appellant was charged by information with possession on September 19,

2023, of less than one gram of methamphetamine.  On November 1, 2023, appellant pleaded guilty to both offenses.  The trial court deferred adjudication of appellant's guilt and placed her on community supervision for two years.  The conditions of community supervision included a requirement that appellant participate in treatment at the Dallas County Judicial Treatment Center Program Lancaster.  Appellant did not file a notice of appeal applicable to these orders.

On November 30, 2023, the State filed in each case a motion to revoke community supervision or proceed with an adjudication of guilt.  The State alleged appellant failed to comply with the conditions of community supervision because she failed to participate in treatment at the Dallas County Judicial Treatment Center Program Lancaster.

On January 11, 2024, appellant pleaded true to the State's motions to revoke or adjudicate.  The trial court denied the State's motions, added two new conditions of community supervision, and extended the term of community supervision by three months.

On February 2, 2024, appellant, pro se, filed a document styled "Motion to Appeal Guilty Plea" stating, "I, Karyn Hall, do hereby appeal my guilty plea on date 1/11/24 for ineffective counsel."

The records show appellant's "guilty plea on date 1/11/24" was in each case a plea of true to the State's motion to revoke or adjudicate.  The trial court's orders based on the pleas were the denial of the State's motions to revoke or adjudicate, the

–2–

extension of the term of community supervision, and the modification of the terms of community supervision. The court of criminal appeals has held that none of these are appealable orders. *See Davis v. State*, 195 S.W.3d 708, 711 (Tex. Crim. App. 2006); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977). Without an appealable order, this Court has no jurisdiction to consider these appeals. *Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008); *Nikrasch v. State*, 698 S.W.2d 443, 450 (Tex. App.—Dallas 1985, no pet.).

We dismiss the appeals for want of jurisdiction.

/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

240213F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

KARYN LYNN HALL, Appellant

No. 05-24-00213-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas Trial Court Cause No. F22-12347. Opinion delivered by Justice Smith. Justices Partida-Kipness and Nowell participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered this 27th day of March 2024.



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

KARYN LYNN HALL, Appellant

No. 05-24-00214-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas Trial Court Cause No. F23-12487. Opinion delivered by Justice Smith. Justices Partida-Kipness and Nowell participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered this 27th day of March 2024.